IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC A. JOHNSON,                          :
                                          :
    Plaintiff,                       :
v.                                        :        CIVIL ACTION
                                          :        FILE NO. _____
CITY OF CHATTAHOOCHEE                      :
HILLS, GEORGIA; JAMES D.                   :
MELTON; and SIDNEY A.                      :
BROWN,                                     :
                                          :        (State Court Civil Action
    Defendants.                      :        File No. 11-EV-013315-Y)
                                          :

# EXHIBIT "A"

# TO NOTICE OF AND PETITION FOR REMOVAL

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 39477140
Date: Aug 25 2011 10:34AM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE NO. _____

**\*\*\* NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL PLEADINGS MUST BE E-FILED \*\*\*\***
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

Eric C. Johnson

5773 Union Pt. Drive

Union City, GA 30291

Plaintiff's Name, Address, City, State, Zip Code

vs.

James D. Melton

1315 Vernon Street

LaGrange, GA 30240

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $ _____ |
| [  ] SPECIAL LIEN | |
| | ************ |
| [x  ] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  William J. Atkins

Address: Atkins & Fife, LLC  6400 Powers Ferry Road, Suite 355

City, State, Zip Code:  Atlanta, GA 30339   Phone No.:  404-969-4130

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100,  Atlanta, GA 30303.

This  25th day of August, 2011                    Angela Dash Winfrey, Chief Deputy Clerk

   If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
   If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

 Served , this _____ day of _____, 20_____.        _____

                                         DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 39477140
Date: Aug 25 2011 10:34AM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY                                              DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY                    CIVIL ACTION FILE NO. _____
### Civil Division                                            *** NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL PLEADINGS MUST BE E-FILED **** CONTACT THE COURT AT 404.613.5040 AND LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

Eric C. Johnson

5773 Union Pt. Drive

Union City, GA 30291

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $ _____ |
| [  ] SPECIAL LIEN | |
| | ************ |
| [x  ] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

Plaintiff's Name, Address, City, State, Zip Code

vs.

Sidney A. Brown

110 Stonemont Court

Sharpsburg, GA 30277

Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  William J. Atkins

Address: Atkins & Fife, LLC  6400 Powers Ferry Road, Suite 355

City, State, Zip Code:  Atlanta, GA 30339   Phone No.:  404-969-4130

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100,  Atlanta, GA 30303.

This  25th day of August, 2011                         Angela Dash Winfrey, Chief Deputy Clerk

    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
    If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:
  Served , this _____ day of _____, 20_____.

                              _____
                              DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 39477140
Date: Aug 25 2011 10:34AM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY                                      DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE NO. _____

**\*\*\* NOTE-- DESIGNATED E-FILE CASE – ANSWER AND
ALL PLEADINGS MUST BE E-FILED \*\*\*\***
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

Eric C. Johnson

5773 Union Pt. Drive

Union City, GA 30291

Plaintiff's Name, Address, City, State, Zip Code

vs.

City of Chattahoochee Hills, Georgia

6505 Rico Road

Chattahoochee Hills, GA 30268

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $ _____ |
| [  ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [  ] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  William J. Atkins

Address: Atkins & Fife, LLC  6400 Powers Ferry Road, Suite 355

City, State, Zip Code:  Atlanta, GA 30339   Phone No.:  404-969-4130

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100,  Atlanta, GA 30303.

This  25th day of August, 2011                          Angela Dash Winfrey, Chief Deputy Clerk

    If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
    If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### *SERVICE INFORMATION:*
 Served , this _____ day of _____, 20_____.        _____

                                                   DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 39477140
Date: Aug 25 2011 10:34AM
Mark Harper, Clerk

# GENERAL CIVIL CASE FILING INFORMATION FORM (NON-DOMESTIC)

**COURT**
☐ Superior
☒ State

COUNTY Fulton

DOCKET #

**DATE FILED  08/25/2011**

**PLAINTIFF(S)**
Johnson Eric A.

**DEFENDANT(S)**
City of Chattahoochee Hills, Georgia

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
| Melton | James | D | | | |

.

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|
| Brown | Sidney | A. | | | |

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|------|-------|-----------|--------|--------|--------|

**No. of Plaintiffs   1**

**No. of Defendants   3**

**Plaintiff /Petitioner's Attorney**    ☐ Pro Se

Atkins William J.

Last   First   Middle I.   Suffix

**Bar #** 027060

**Check Primary Type: (Check Only ONE)**
☐ Contract / Account
☐ Wills/ Estate
☐ Real Property
☐ Dispossessory / Distress
☐ Personal Property
☐ Equity

☐ Habeas Corpus
☐ Appeals /Reviews
☐ Post Judgment Garnishment, Attachment or Other Relief
☐ Non-Domestic Contempt
☒ Tort (If Tort, fill in right column)
☐ Other General Civil: Specify

**If Tort Is Case Type: (Check No More Than TWO)**
☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☒ Other: Specify FA MP 42 USC 1983-4TH

ARE PUNITIVE DAMAGES PLEADED? ☒ Yes  ☐ No

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 39477140
Date:  Aug 25 2011 10:34AM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| ERIC A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action File No. _____ |
| CITY OF CHATTAHOOCHEE HILLS, | ) | |
| GEORGIA; JAMES D. MELTON; and | ) | |
| SIDNEY A. BROWN, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW**, Plaintiff **Eric A. Johnson** (hereinafter "Plaintiff" or "Johnson")

and files his Complaint against the Defendants **City of Chattahoochee Hills, Georgia,**

**James D. Melton** and **Sidney A. Brown,**[1] as follows:

## INTRODUCTION

1.

This is a civil action asserting claims under Federal and State law arising from

the unlawful arrest, detention and prosecution of Johnson caused by the willful and

wrongful acts of the Defendants.  Johnson demands a jury trial and seeks an award of

---

[1] Johnson refers to the Defendants collectively as "Defendants;" to the City of Chattahoochee Hills as "the City" or "Chattahoochee;" and to the individual defendants by last name, i.e. "Melton" and "Brown."

economic, compensatory and punitive damages, as well as an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

2.

This Court has subject-matter jurisdiction over this action for money damages arising from injuries proximately caused by the tortuous acts of the Defendants acting in concert with one another. GA. CONST. ART. VI, § 3, ¶I.

3.

Venue is proper in this Court as at least one of the defendants resides in Fulton County, Georgia and this suit is brought against the Defendants as joint tort-feasors. GA. CONST. ART. VI, § 2, ¶¶ III, IV & VI.

## PARTIES

4.

Plaintiff Johnson is a citizen of the State of Georgia residing in Fulton County, Georgia.

5.

Sidney A. Brown is a resident of Coweta County, Georgia and is subject to the personal jurisdiction of this Court. Brown may be personally served Summons and a

copy of the Complaint at his last known place of residence 110 Stonemount Court, Sharpsburg, Georgia 30277.

6.

At all times relevant to this action, Brown was acting under color of state law and within the scope of his discretionary functions as duly sworn, certified law enforcement officer employed in the Chattahoochee Hills Police Department (hereinafter "CPD") by the City.

7.

James D. Melton is a resident of Troup County, Georgia and is subject to the personal jurisdiction of this Court.  Melton may be personally served with Summons and a copy of the Complaint at his last known place of residence 1315 Vernon Street, LaGrange, Georgia 30240.

8.

At all times relevant to this action, Melton was acting under color of state law and within the scope of his discretionary functions as duly sworn, certified law enforcement officer employed in the CPD by the City.

9.

The City of Chattahoochee is a municipality organized pursuant to the Georgia Constitution and located in Fulton County, Georgia.  The City is subject to the

jurisdiction of this Court.  Chattahoochee may be served with summons and process by and through Mayor Don Hayes, 6505 Rico Road, Chattahoochee Hills, Georgia 30268.

10.

Chattahoochee, acting pursuant to its governmental authority, operates the Chattahoochee Hills Police Department (hereinafter "CHPD").

11.

At all times relevant to this action, Damon Jones served as the Chief of Police for the City ("Chief Jones").

12.

Upon information and belief, the city council for the City delegated final policy making authority to Chief Jones over law enforcement activities within the city limits of Chattahoochee Hills, Georgia.

13.

Upon information and belief, the City has purchased liability insurance to protect the City and the employees of the CHPD for damages arising from acts or omissions of CHPD's law enforcement officials committed during the course and scope of their employment on behalf of CHPD.

14.

Chattahoochee has waived sovereign immunity up to the limits of the liability insurance described in Paragraph 11 herein and may thus be held liable for the acts and omissions of CHPD's law enforcement officials under a theory of respondiat superior liability as to Johnson's state law claims.

15.

Johnson timely served an Ante Litem notice upon the City on or about June 4, 2010.

## FACTUAL ALLEGATIONS

16.

On Monday, August 17, 2009, Antoine Wimes and Donivan McCoy entered the residence of Shanequa "Nikki" Neely and her 10-month-old baby, J. K. Neely, located at 7555 Barnes Road, Chattahoochee Hills, Georgia  30268.  Wimes shot and robbed Neely. Wimes caused serious bodily injury to J.K. Neely.

17.

J.K. Neely's grandmother, Wonda Mitchell, arrived home sometime around 8:30 p.m. and found Nikki Neely on the floor, clinging to the body of her infant child, J.K. Neely.

18.

Mitchell called 9-1-1.

19.

As the crime occurred within the city limits of Chattahoochee Hills, officers with CHPD were dispatched to the scene.

20.

Brown, who was employed as a detective by CHPD, received a telephone call from Chief Jones at approximately 8:45 p.m.

21.

Chief Jones was on the scene at 7555 Barnes Road.

22.

Chief Jones ordered Brown to the scene at 7555 Barnes Road.

23.

Pursuant to his final policy making authority for the City, Chief Jones delegated responsibility for investigating the crime to Brown and another CHPD detective, Melton.

24.

Brown learned that two African-American males had been seen by a witness in the vicinity of Capps Ferry Road and Barnes Road.

25.

The witness had located a silver metal briefcase that had been taken from the scene of the crime.

26.

Shortly thereafter, canine officers took a subject into custody who matched one of the descriptions given by the witness who located the briefcase.  The suspect was later identified as Donovan McCoy.

27.

Melton interviewed McCoy during the early morning hours of August 18, 2009.

28.

During his custodial interview, McCoy told Melton that Wimes and McCoy were dropped off on Barnes Road by an African-American male at approximately 5:45 p.m. – two and a half hours before the crimes at the Neely residence.

29.

McCoy told Melton that the unknown African-American male dropped Wimes and McCoy off on Barnes Road.  He did not say they were dropped off in front of the Neely's residence.

30.

McCoy did not tell Melton that the unknown African-American male knew anything about where Wimes and McCoy were going after he dropped them off on Barnes Road.

31.

McCoy told Melton that the unknown African-American male did not stick around after dropping off Wimes and McCoy.

32.

McCoy told Melton that he did not know that Wimes intended to shoot Neely.

33.

McCoy told Melton that no conversations took place in the presence of the unknown African-American male that would have alerted him to the fact that Wimes intended to engage in criminal activity.

34.

McCoy told Melton that neither Wimes nor McCoy ever discussed anything with the unknown African-American male about being a "getaway driver" for Wimes and McCoy.

35.

McCoy told Melton that there was no "getaway driver" as Wimes and McCoy fled the scene of the crime on foot.

36.

McCoy made no statements that would arouse a reasonable suspicion in the mind of a competent law enforcement officer that the unknown African-American male had any involvement at all in the crimes committed two and a half hours later by Wimes and McCoy.

37.

Defendant Brown interviewed the victim Shanequa Neely at Grady Memorial Hospital during the early morning hours of August 18, 2009.

38.

Neely identified Antoine Wimes as her assailant.  She told Brown that a second suspect was present during the attack.

39.

Neely gave no information to Brown that would arouse a reasonable suspicion that anyone other than Wimes and a second suspect, later identified as McCoy, were involved in the crime.

40.

As the investigation progressed on August 18th, Brown learned of a suspicious person report by a citizen living on Rico Road.  The suspicious person matched the description of Antoine Wimes.  Wimes was located and taken into custody at 7575 Rico Road.

41.

On Tuesday, August 18, 2009, after seeing news reports of the horrific crimes committed by Wimes and McCoy, Johnson called 911 and spoke with a 911 operator in Fulton County.

42.

Johnson reported that he had "given a ride" to Wimes and McCoy on August 17, 2009.

43.

The Fulton County Police Department dispatched officer Walita Byars to interview Johnson at his home.

44.

Johnson and his mother, Lolita Horton, welcomed Officer Byars into their home. Johnson sat down and voluntarily gave a statement to Officer Byars.

45.

Johnson told Officer Byars that he knew Antoine Wimes because they had lived in the same subdivision.

46.

Johnson told Officer Byars that Antoine Wimes called him and asked Johnson if he would give him a ride in exchange for "gas money."

47.

Johnson told Officer Byars that he picked up Antoine Wimes and another young man that he met for the first time, named "Dino".

48.

Johnson drove them to a gas station, bought gas, and drove them further down South Fulton Parkway.  He made a couple of left turns, but could not remember the street names as he was following Wimes' instructions.

49.

Wimes told Johnson to "let me out here," so Johnson dropped Wimes and Dino off on the side of the road.

50.

After dropping off Wimes and Dino, Johnson drove home and arrived at his house well before dark on August 17, 2009.

51.

Sunset was at 8:22 P.M.  on August 17, 2009.

52.

Officer Byars informed Johnson and his mother that officers with CHPD would be contacting him.

53.

On or about August 21, 2009, Melton and Brown called Johnson on his cell phone. Melton left a message for Johnson.

54.

Johnson returned Melton's call and left a voice message.

55.

Melton called Johnson back and spoke with him. He asked Johnson to come to the CHPD and speak with Melton about Wimes and McCoy.

56.

Johnson told Melton that he needed to speak with his mother first.

57.

Johnson called Melton again after his mother returned home. Johnson told Melton that his mother wanted to speak with Melton. Johnson handed the phone to his mother, Lolita Horton.

58.

Ms. Horton asked Melton why he wished to speak to her son. Melton refused to answer Ms. Horton. Melton stated that Johnson was eighteen years old and ordered Ms. Horton to give the phone back to her son.

59.

Melton threatened Ms. Horton, stating that: "she and Eric Johnson were hindering and obstructing this part of the investigation on the home invasion." Melton threatened to arrest Ms. Horton and Johnson for obstruction. Melton hung up on Ms. Horton.

60.

Ms. Horton called Melton back. Ms. Horton advised that she and her attorney would bring Johnson to the CHPD for an interview.

61.

Prior to August 27, 2009, Melton and Brown uncovered no evidence linking Johnson to the crimes committed by Wimes and McCoy.

62.

No physical evidence recovered from the Neely residence linked Johnson to the crimes committed by Wimes and McCoy.

63.

No witnesses identified Johnson as having been present at any time immediately prior to or subsequent to the crimes committed by Wimes and McCoy.

64.

Neither Wimes nor McCoy gave any custodial statements linking Johnson to the crimes committed by Wimes and McCoy.

65.

Melton and Brown had no evidence to support the hunch that Johnson actually transported Wimes and McCoy to the residence located at 7555 Barnes Road.

66.

Melton told Brown that Johnson had invoked his 6th Amendment right to have an attorney present before he submitted himself to questioning again by CHPD officers.

67.

Pursuant to custom and policy established by Chief Jones, as a final policy maker for the City, Melton and Brown kept Chief Jones informed of progress in their investigation.

68.

Melton and Brown discussed Johnson with Chief Jones and informed him that they intended to swear out arrest warrants for Johnson because he had invoked his right to have an attorney present when he was interviewed by Melton and Brown.

69.

Pursuant to his authority as a final policy maker for the City, Chief Jones approved Melton and Brown's plan to swear out arrest warrants for Johnson because he had invoked his right to have an attorney present when he was interviewed by CHPD.

70.

At the time Chief Jones authorized Melton and Brown to swear out arrest warrants for Johnson, Chief Jones knew that there was no evidence supporting probable cause to arrest Johnson for the crimes committed by Wimes and McCoy.

71.

As a final policy maker for the City, Chief Jones adopted the unconstitutional acts of Brown and Melton, as well as the basis for committing those unconstitutional acts.

72.

On August 27, 2009, Brown appeared before a municipal court judge in Chattahoochee and swore under oath that he had sufficient evidence of probable cause to arrest Johnson for the following criminal offenses:  Cruelty to Children – First Degree (2 counts); Aggravated Assault (2 counts) and Armed Robbery.

73.

As to each of these crimes, Brown swore under oath that Johnson "did transport to the location of 7555 Barnes Road subjects" who committed the particular crime, i.e Wimes and McCoy.

74.

At the time he swore out the arrest warrants for Johnson, Brown knew that:  (1) he had no evidence that Johnson actually transported Wimes and McCoy to the

residence at 7555 Barns Road; (2) he had no evidence that Johnson was present at the time Wimes and McCoy entered the Neely residence; (3) he had no evidence that Johnson knew that Wimes and McCoy intended to participate in criminal activity after Johnson dropped them off on the side of the road; and (4) he had no evidence that Johnson had had any contact with either McCoy or Wimes following the crime.

75.

At the time he swore out the arrest warrants for Johnson, Brown was aware of significant evidence that Johnson had no involvement in the crimes committed by Wimes and McCoy, including:  (1) Johnson had voluntarily contacted law enforcement and provided a detailed statement of his knowledge of Wimes and McCoy's activities between 5 and 6 p.m. on August 17, 2009; (3) the victim of Wimes' assault had not implicated a third suspect; (4) Wimes and McCoy had not implicated Johnson, or anyone else; and (5) the absence of any physical or testimonial evidence linking Johnson to the crimes committed by Wimes and McCoy.

76.

When Brown swore out the arrest warrants for Johnson, he intentionally omitted material facts, including those facts set forth in ¶¶ 74 and 75 that would have demonstrated to the municipal judge that no probable cause existed to arrest Johnson for crimes committed by Wimes and McCoy.

77.

When Brown swore out the arrest warrants for Johnson, he intentionally misrepresented material facts – including that Johnson actually transported Wimes and McCoy to the residence located at 7555 Barns Road – and those material misrepresentations caused the municipal judge to execute the warrants for Johnson's arrest.

78.

Brown, with explicit approval from Chief Jones, based his decision to swear out arrest warrants for Johnson primarily on Johnson's refusal to speak with CHPD officers without an attorney, even though Johnson had already given a voluntary statement to law enforcement.

79.

Brown would not have sought arrest warrants for Johnson if Johnson had agreed to speak with Brown and Melton without having an attorney present.

80.

When Brown sought arrest warrants for Johnson, the two primary suspects – Wimes and McCoy – were being held in custody and without bond.

81.

No exigent circumstances existed that would have caused a reasonably prudent law enforcement officer to act in haste to arrest Johnson.

Page 17 of 36

82.

A reasonably prudent law enforcement officer in Brown's position would have paused and engaged in further investigation of Johnson's involvement – if any – in the crimes committed by Wimes and McCoy before seeking an arrest warrant for Johnson.

83.

Prior to securing arrest warrants for Johnson, Brown and Melton, acting pursuant to the authority delegated to them by Chief Jones, a final policy maker for the City, engaged in a constitutionally deficient investigation into Johnson's involvement in the crimes committed by Wimes and McCoy by failing to take reasonably prudent steps to investigate their theory that Johnson was somehow involved with  Wimes and McCoy, including, but not limited to:  (a) scheduling an interview with Johnson and his attorney; (b) using his authority as a law enforcement officer to subpoena telephone records from Johnson, Wimes and McCoy for August 17, 2009; (c) placing Johnson under surveillance; and (d) identifying other witnesses to the activities of Wimes, McCoy and Johnson on August 17, 2009.

84.

No reasonably prudent law enforcement officer would have believed that arguable probable cause, much less probable cause, existed to seek arrest warrants for Johnson based upon the information available to Wimes and McCoy on August 27, 2009.

85.

On Thursday, August 27, 2009, Johnson was arrested at his home in Union City.

86.

On the afternoon of August 31, 2009 – four days after Johnson was arrested – Brown met with a manager at Shell Food Mart located at 6015 Lynmark Way, Fairburn, Georgia.

87.

Brown went to Shell Food Mart because Johnson had explained to Officer Byars that he drove there with Wimes and McCoy to get gas in the late afternoon on August 17, 2009.

88.

Brown reviewed security footage at the Shell Food Mart and confirmed that Johnson got gas at Shell Food Mart at approximately 5:40 p.m. on August 17, 2009. Brown also confirmed that Wimes and McCoy were with Johnson at the Shell Food Mart.

89.

The video footage corroborated Johnson's voluntary statement to Officer Byars that he drove Wimes and McCoy to the Shell Food Mart.

90.

The video footage demonstrated nothing more than what Brown already knew: Johnson was with Wimes and McCoy three hours before the crime.

91.

Johnson was released from custody on December 4, 2009, after posting a $55,000.00 bond.

92.

Johnson spent 100 days in jail for crimes he did not commit.

93.

Johnson was actively prosecuted until May 21, 2010 when the State of Georgia moved to dismiss the pending indictment against Johnson.

94.

The charges against Johnson were dismissed with prejudice because there was no evidence that Johnson acted as a party to the crimes committed by Wimes and McCoy on August 17, 2009.

95.

For 268 days Johnson suffered the anxiety, stress, and humiliation of facing prosecution for heinous crimes he did not commit.

<u>COUNT I</u>

<u>FOURTH AMENDMENT – 42 U.S.C. §1983</u>

**(False Arrest)**

96.

The foregoing paragraphs one (1) through ninety-five (95) are incorporated herein by this reference.

97.

At all times relevant to this action, the individual defendants were acting under color of state law and within the scope of their discretionary functions as employees or officers of Chattahoochee.

98.

Based upon their prior experience, knowledge and training as a law enforcement officers, Brown and Melton knew that no arguable probable cause, much less probable cause, existed to swear out arrest warrants alleging that Johnson committed Cruelty to a Child (1st Degree); Aggravated Assault; Armed Robbery, and Aggravated Battery on August 25, 2009.

99.

Under the facts and circumstances alleged herein, an objectively reasonable law enforcement officer in Brown and Melton's position would have known that no arguable probable cause existed to support issuance of an arrest warrant for Johnson.

100.

At all times relevant to this action, the law was established with obvious clarity that Brown and Melton's actions as fully set forth herein violated Johnson's Fourth Amendment rights.

101.

As a direct and proximate cause of Brown and Melton's unlawful actions, Johnson was seized and detained against his will and thereby suffered a loss of liberty in violation of his rights under the Fourth Amendment to the United States Constitution, entitling him to an award of actual and compensatory damages in an amount to be determined by the enlightened conscience of the jury.

102.

The actions of the individual Defendants described herein were willful, deliberate, and malicious, thereby entitling Johnson to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT II

## FOURTH AMENDMENT – 42 U.S.C. § 1983

### (Malicious Prosecution)

103.

The foregoing paragraphs one (1) through ninety-eight (98) are incorporated herein by this reference.

104.

At all times relevant to this action, the individual defendants were acting under color of state law and within the scope of their discretionary functions as employees of Chattahoochee.

105.

Johnson's criminal prosecution was instituted by the issuance of a facially valid warrant by the Chattahoochee Municipal Court.

106.

Johnson was seized and detained against his will pursuant to a facially valid warrant secured by Brown and Melton with malice and without probable cause.

107.

Johnsons' criminal prosecution terminated in his favor when, upon motion by the State of Georgia, a Fulton County Superior Court judge entered an order dismissing

Page 23 of 36

the indictment against Johnson with prejudice, expunging Johnson's arrest and court record "instanter," and finding that "[t]here is no evidence to show that Eric Johnson acted as a party or a principal at any time during the charged incident occurring on August 17, 2009."

108.

The individual Defendants knowingly and willfully instituted and maintained a criminal prosecution against Johnson with malice and without probable cause.

109.

Under the facts and circumstances alleged herein, objectively reasonable law enforcement officers would have known that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

110.

At all times relevant to this action, the law was established with obvious clarity that instituting and maintaining a criminal prosecution of a citizen under the circumstances described herein violated the Fourth Amendment of the United States Constitution.

111.

As a direct and proximate result of the Defendants' unlawful actions, Johnson was seized and detained against his will and subjected to criminal prosecution in violation of his rights under the Fourth Amendments to the United States Constitution.

112.

As a direct and proximate cause of the Defendants' unlawful actions, Johnson has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

113.

As a direct and proximate cause of the Defendants' unlawful actions, Johnson has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

114.

The unlawful actions of the individual defendants were done willfully, deliberately, and maliciously, thereby entitling Johnson to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT III

### FOURTH AMENDMENT – 42 U.S.C. § 1983

### (Monell Liability)

115.

The foregoing paragraphs one (1) through ninety-eight (98) are incorporated herein by this reference.

116.

The City delegated final policy making authority to Chief Jones to implement policies, customs and procedures within the Chattahoochee Hills Police Department designed to ensure that the City's law enforcement activities were conducted in a manner that comported with clearly established constitutional law relating to proper investigation of criminal activity and issuance of arrest warrants based upon probable cause.

117.

Chief Jones, as a final policy maker for the City, maintained a custom of tolerating constitutionally deficient investigations by police officers and detectives in the Chattahoochee Hills Police Department. Pursuant to this custom, police officers and detectives ignored rudimentary principles of criminal investigation including, but not limited to:  (a) failing to identify objective evidence tending to increase or decrease the

likelihood that a particular citizen should be considered as a potential suspect; (b) failing to consider the presence or absence of corroborating evidence in reaching a probable cause determination; and (c) failing to conduct a thorough investigation that considers alternative theories other than the possible guilt of a potential suspect prior to seeking an arrest warrant.

118.

Chattahoochee's maintenance of the customs identified in ¶ 120 herein was the moving force behind the constitutional violations committed by Defendants Brown and Melton as specifically set forth in Count I and II of this Complaint.

119.

Chief Jones, as a final policy maker for the City, explicitly approved Melton and Brown decision to secure arrest warrants for Johnson on August 27, 2009, as well as the constitutionally deficient basis for pursuing the arrest warrants.

120.

Chief Jones' actions specifically related to the prosecution of Johnson were the moving force behind the constitutional violations committed by Melton and Brown as specifically set forth in Count I and II of this Complaint.

121.

Following Johnson's arrest, Chief Jones became aware of the constitutional violations committed by Brown and Melton in their investigation and prosecution of Johnson and ratified their actions; therefore, Chattahoochee is liable for the injuries caused to Johnson by the actions of Defendants Brown and Melton.

122.

As a direct and proximate cause of the City's customs, Johnson has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

123.

As a direct and proximate cause of the City's customs, Johnson has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT IV

## FALSE ARREST – O.C.G.A. § 51-7-1

124.

The foregoing paragraphs one (1) through ninety-eight (98) are incorporated herein by this reference.

125.

The wrongful acts and omissions of Melton and Brown complained of herein were performed in the scope of their employment with CHPD and on behalf of the City.

126.

The acts and omissions of Melton and Brown set forth herein caused the illegal arrest, detention and prosecution of Johnson with malice and without probable cause.

127.

The City is liable for the acts and omissions of its employees, Melton and Brown, resulting in the illegal arrest, detention and prosecution of Johnson with malice and without probable cause.

128.

As a direct and proximate cause of the Defendants' unlawful actions, Johnson has and will continue to incur economic damages including lost wages, loss of

economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

129.

As a direct and proximate cause of the Defendants' unlawful actions, Johnson has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

130.

The unlawful actions of the individual defendants were done willfully, deliberately, and maliciously, thereby entitling Johnson to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT V

## MALICIOUS PROSECUTION – O.C.G.A. § 51-7-3

131.

The foregoing paragraphs one (1) through ninety-eight (98) are incorporated herein by this reference.

132.

The wrongful acts and omissions of Melton and Brown complained of herein were performed in the scope of their employment with CHPD and on behalf of the City.

133.

The acts and omissions of Melton and Brown set forth herein caused the illegal arrest, detention and prosecution of Johnson with malice and without probable cause.

134.

The City is liable for the acts and omissions of its employees, Melton and Brown, resulting in the illegal arrest, detention and prosecution of Johnson with malice and without probable cause.

135.

The prosecution terminated in Johnson's favor on May 21, 2010.

136.

As a direct and proximate cause of the Defendants' unlawful actions, Johnson has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

137.

As a direct and proximate cause of the Defendants' unlawful actions, Johnson has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

138.

The unlawful actions of the individual defendants were done willfully, deliberately, and maliciously, thereby entitling Johnson to an award of punitive damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT VI

## NEGLIGENT HIRING, RENTENTION AND TRAINING

139.

The foregoing paragraphs one (1) through ninety-five (95) are incorporated herein by this reference.

140.

At all time relevant to this action, Brown and Melton were acting under color of state law and within the scope of their employment with CHPD.

141.

The City negligently failed to properly train and supervise CHPD employees, including Brown and Melton, in the conduct of criminal investigation and in securing warrants for criminal defendants.

142.

The City had a duty to maintain hiring standards that identified and excluded candidates for employment with CHPD that had previously been disciplined by another law enforcement agency, Georgia P.O.S.T., or another certification agency.

143.

The City breached its duty to maintain the hiring standards described in ¶ 145 by hiring Brown and McCoy, individuals the City knew or should have known were likely to engage in constitutionally deficient criminal investigations that would result in the unlawful arrest of suspects like Johnson.

144.

As a direct and proximate cause of the Defendants' unlawful actions, Johnson has and will continue to incur economic damages including lost wages, loss of economic opportunity, as well as other economic damages in an exact amount to be proven at trial.

145.

As a direct and proximate cause of the Defendants' unlawful actions, Johnson has experienced pain, suffering, emotional distress, anxiety, humiliation, outrage and loss of reputation entitling him to an award of compensatory damages in an amount to be determined by the enlightened conscience of the jury.

**WHEREFORE**, Johnson respectfully requests the following relief:

A)   That special damages be awarded to compensate the Plaintiff for his economic injuries as a consequence of the Defendants' violations of his rights in an amount to be determined by the enlightened conscious of the jury;

B)   That compensatory damages be awarded against each of the Defendants individually to compensate the Plaintiff for his pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of the Defendants' actions  in an amount to be determined by the enlightened conscious of the jury;

C)   That punitive damages be awarded against the individual Defendants ***only*** in an amount to be determined by the enlighten conscious of the jury to deter them and others from similar misconduct in the future;

D)   That a trial by jury be had on all issues wherein a jury trial is permitted under law;

E)    That attorney's fees and expenses of litigation be awarded as authorized under 42 U.S.C. §1988;

F)   That prejudgment interest be awarded; and,

G)      That the Court award such other relief as the Court deems just and proper.

This  _25_  Day of <u>August</u>, 2011.


Respectfully submitted,

/s/William J. Atkins _____        /s/ Mawuli M. Davis _____
WILLIAM J. ATKINS                               MAWULI M. DAVIS
State Bar No.  _027060_                          Georgia Bar No.  _212029_
DAVID B. FIFE                                   ROBERT O. BOZEMAN
State Bar No.  _259871_                           Georgia Bar No.  _073561_


**ATKINS & FIFE, LLC**                          **Davis Bozeman Law Firm, P.C**
6400 Powers Ferry Road, Suite 355               4153 B FLAT SHOALS PARKWAY
Atlanta, Georgia  30339                         SUITE 204
Telephone: (404) 969-4130                       DECATUR, GEORGIA 30034
Facsimile: (404) 969-4140                       (404) 244-2004
bill@atkins-law.com                             (404) 244-2020 (FAX)
www.atkinsfife.com                              Mdavis@davisbozemanlaw.com
                                                Rbozeman@davisbozemanlaw.com

**State Court of Fulton County**
**\*\*\*FILED\*\*\***
LexisNexis Transaction ID: 39560268
Date: Aug 30 2011 3:24PM
Mark Harper, Clerk

FILED IN OFFICE

SEP   5 2001

Deborah Hogan
DEPUTY CLERK STATE COURT
FULTON COUNTY, GEORGIA

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

HOLLIS JEROME HILL
    Petitioner,     @ 316890 )

                       )

CIVIL ACTION NO.

    O1VS022344

### ORDER

The Petition for Appointment of HOLLIS JEROME HILL,

For Permanent Process Server having been read

and considered,

IT IS HEREBY ORDERED: That HOLLIS JEROME HILL,

shall be, and hereby is, Appointed Permanent

Process Server for matters pertaining to this Court.

This 14 day of August 2001.

                           **PRESIDING JUDGE**
                           Fulton County State Court

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ERIC A. JOHNSON

                    Plaintiff,

V.

CITY OF CHATTAHOOCHEE HILLS,
GEORGIA; JAMES D. MELTON; and
SIDNEY A. BROWN,

                    Defendant.

CIVIL ACTION FILE
NO. *11- EV-013315 y*

### AFFIDAVIT OF SERVICE

       PERSONALLY appeared before me, HOLLIS J. HILL, the undersigned officer duly authorized

to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State

of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant

is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant

further states that on August 26,2011, at 10:42 a.m., he personally served **City of Chattahoochee Hills,**

**Georgia,** by serving City Manager, Carol R. Wolfe at 6506 Rico Rd. Chattahoochee Hill, Ga 30268

with the following:

**SUMMON and COMPLAINT.**

      Dated  *8-25-2011*

                             HOLLIS J. HILL
                             Process Server

Sworn to and subscribed before me,
On  *August  29* , 2011

_____ Notary Public



State Court of Fulton County
**FILED***
LexisNexis Transaction ID: 39560268
Date: Aug 30 2011 3:24PM
Mark Harper, Clerk

FILED IN OFFICE

SEP 5 2001

Deborah Hogan
DEPUTY CLERK STATE COURT
FULTON COUNTY, GEORGIA

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

HOLLIS JEROME HILL
Petitioner,                        CIVIL ACTION NO.

@ 316840 )
)                        O1VS022344
)
)

### ORDER

The Petition for Appointment of HOLLIS JEROME HILL,

For Permanent Process Server having been read

and considered,

IT IS HEREBY ORDERED: That HOLLIS JEROME HILL,

shall be, and hereby is, Appointed Permanent

Process Server for matters pertaining to this Court.

This _14_ day of _August_ 2001.

**PRESIDING JUDGE**
Fulton County State Court

### IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

ERIC A. JOHNSON

                Plaintiff,

V.

CITY OF CHATTAHOOCHEE HILLS,
GEORGIA; JAMES D. MELTON; and
SIDNEY A. BROWN,

                Defendant.

CIVIL ACTION FILE
NO. _11-EU-013315 y_

### AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, HOLLIS J. HILL, the undersigned officer duly authorized

to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State

of Georgia and 21 years of age or older and is a party having no interest in the above-styled case. Affiant

is appointed as process server by this Court by attached Order incorporated herein by reference. Affiant

further states that on August 25,2011, at 7:04p.m., he personally served **Sidney A. Brown,** at residence,

at 110 Stonemount Court, Sharpsburg, Ga 30277. with the following:

**SUMMON and COMPLAINT**

Dated _8-29-2011_

_____
HOLLIS J. HILL
Process Server

Sworn to and subscribed before me,
On _August 29_ , 2011

_____ Notary Public

State Court of Fulton County
**EFILED***
LexisNexis Transaction ID: 39560268
Date: Aug 30 2011 3:24PM
Mark Harper, Clerk

FILED IN OFFICE

SEP   5 2001

Deborah Hogan
DEPUTY CLERK STATE COURT
FULTON COUNTY, GEORGIA

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

HOLLIS JEROME HILL
Petitioner,        @ 316840

)
)
)
)

CIVIL ACTION NO.

O1VS022344

### ORDER

The Petition for Appointment of HOLLIS JEROME HILL,

For Permanent Process Server having been read

and considered,

IT IS HEREBY ORDERED: That HOLLIS JEROME HILL,

shall be, and hereby is, Appointed Permanent

Process Server for matters pertaining to this Court.

This _14_ day of _August_ 2001.

612
OIY

**PRESIDING JUDGE**
Fulton County State Court

# IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ERIC A. JOHNSON

                              Plaintiff,

V.

CITY OF CHATTAHOOCHEE HILLS,
GEORGIA; JAMES D. MELTON; and
SIDNEY A. BROWN,

                              Defendant.

CIVIL ACTION FILE
NO. 11-EV-013315 Y

### AFFIDAVIT OF SERVICE

PERSONALLY appeared before me, HOLLIS J. HILL, the undersigned officer duly authorized

to administer oaths, first being duly sworn, on oath deposes and states that he/she is a citizen of the State

of Georgia and 21 years of age or older and is a party having no interest in the above-styled case.  Affiant

is appointed as process server by this Court by attached Order incorporated herein by reference.  Affiant

further states that on August 26,2011, at 12:34 p.m., he personally served **James D. Melton,** at 110 Old

Airport Rd. LaGrange, Ga 30240. with the following:

**SUMMON and COMPLAINT**

Dated  *8-29- 2011*

                                     HOLLIS J. HILL
                                     Process Server

Sworn to and subscribed before me,
On  _August 29_ , 2011

_____ Notary Public



**State Court of Fulton County**
***EFILED***
LexisNexis Transaction ID: 40011415
Date: Sep 26 2011 10:14AM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ERIC A. JOHNSON )
)        CIVIL ACTION
     Plaintiff, )
)        FILE NO. 11EV013315Y
v. )
)
CITY OF CHATTAHOOCHEE HILLS, )        **JURY TRIAL DEMAND**
GEORGIA; JAMES D. MELTON; and )
SIDNEY A. BROWN, )
)
     Defendants. )

## ANSWER AND DEFENSES OF SIDNEY A. BROWN

COMES NOW, Sidney A. Brown, named as a Defendant in the above-styled action, and files this his Answer and Defenses to Plaintiff's Complaint, showing the Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted and should be dismissed.

### SECOND DEFENSE

Plaintiffs Complaint fails to state a claim or cause of action against this Defendant under the laws or Constitution of the United States, or under the laws or Constitution of the State of Georgia, and should be dismissed.

### THIRD DEFENSE

Any and all claims against this Defendant are barred by the doctrines of qualified immunity, sovereign immunity, and official immunity according to the Constitution and laws of the United States and the State of Georgia.

## FOURTH DEFENSE

No action on the part of this Defendant was willful, or taken with actual malice, corruption, recklessness or callous indifference to the Plaintiff's rights or with any intent on the part of this Defendant to commit a wrongful act.

## FIFTH DEFENSE

Plaintiff's arrest was made pursuant to procedurally valid process and upon probable cause to believe that the Plaintiff had committed the crimes alleged.

## SIXTH DEFENSE

Under the laws of the State of Georgia, once a defendant is under lawful process and a prosecution commenced, there exists no claim for false arrest or false imprisonment and the only potentially viable claim is one for malicious prosecution.

## SEVENTH DEFENSE

Defendant Brown responds to the numbered allegations of the Plaintiff's Complaint as follows:

### 1.

In response to the allegations of paragraph 1of Plaintiff's Complaint, this Defendant shows that he is not required to respond to those allegations merely setting forth Plaintiff's intentions in bringing this action and the relief he seeks to recover herein from Defendants.  In further response, this Defendant expressly denies that Plaintiff has stated any viable claims against this Defendant under the Constitution and the laws of the State of Georgia or Constitution and laws of the United States.  In further response, this Defendant likewise expressly denies that Plaintiff is entitled to

recover any damages whatsoever from this Defendant.  Except as expressly admitted herein, the allegations of paragraph 1 of Plaintiff's Complaint are denied.

## JURISDICTION AND VENUE

### 2.

In response to the allegations of paragraph 2 of Plaintiff's Complaint, this Defendant admits that the State Court of Fulton County has general subject matter jurisdiction to hear and decide civil claims for damages arising under the Constitution and laws of the State of Georgia.  Except as expressly admitted herein, the allegations of paragraph 2 of Plaintiff's Complaint are denied.

### 3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of Plaintiff's Complaint and, therefore, this Defendant can neither admit nor deny the same.

## PARTIES

### 4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint and, therefore, this Defendant can neither admit nor deny the same.  Said allegations, therefore, stand denied.

### 5.

In response to paragraph 5 of Plaintiff's Complaint, this Defendant admits that he is a resident of Coweta County, Georgia, and that he may be served at the address set forth.

6.

In response to paragraph 6 of Plaintiff's Complaint, this Defendant admits only that at the time of the Plaintiff's arrest, Defendant was a duly authorized, certified law enforcement officer employed in the Chattahoochee Hills Police Department. Defendant further admits that all actions taken by this Defendant with regard to the Plaintiff were taken in his capacity as a law enforcement officer employed by the Chattahoochee Hills Police Department, carrying out his discretionary functions and official duties. Any and all other allegations of said paragraph are denied.

7.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 7 of Plaintiff's Complaint.

8.

In response to the allegations of paragraph 8 of Plaintiff's Complaint, this Defendant admits that as of August 18, 2009, James D. Melton was employed by Chattahoochee in the capacity of a police officer, duly certified as such under the laws of the State of Georgia. In further response, on information and belief, this Defendant shows that all actions undertaken by Melton with regard to Plaintiff were carried out solely and exclusively within his discretionary functions as a police officer. Except as expressly admitted herein, the allegations of paragraph 8 are denied.

9.

In response to the allegations of paragraph 9 of Plaintiff's Complaint, this Defendant admits that the City of Chattahoochee Hills is a municipal corporation organized and existing under the laws of the State of Georgia and that it has been properly served with process herein. Except as otherwise expressly admitted herein, the allegations of paragraph 9 are denied.

-4-

10.

In response to the allegations of paragraph 10 of Plaintiff's Complaint, this Defendant shows that the Chattahoochee Hills Police Department is not a separate legal entity and is merely a division of the City of Chattahoochee Hills.  Except as otherwise expressly admitted herein, the allegations of paragraph 10 are denied.

11.

In response to paragraph 11 of Plaintiff's Complaint, this Defendant admits that Damon Jones was the Chief of Police for the City of Chattahoochee Hills as of August 17, 2009.  Any other allegations of said paragraph are denied.

12.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 12 of the Complaint.  Said allegations, therefore, stand denied.

13.

In response to the allegations of paragraph 13 of Plaintiff's Complaint, this Defendant admits that the City of Chattahoochee Hills was a party to a coverage agreement with the Georgia Interlocal Risk Management Agency which coverage agreement will speak for itself regarding its terms and conditions as stated therein.  Except as expressly admitted herein, the allegations of paragraph 13 are denied.

14.

In response to the allegations of paragraph 14 of Plaintiff's Complaint, this Defendant shows that it is not required to respond to those allegations merely setting forth Plaintiff's interpretation of

the laws of the State of Georgia and the doctrine of sovereign immunity as interpreted by Georgia courts.  In further response, this Defendant incorporates by reference, as if fully set forth herein, its response to paragraph 13 above.  Except as otherwise expressly admitted herein, the allegations of paragraph 14 of Plaintiff's Complaint are denied.

15.

In response to the allegations of paragraph 15 of Plaintiff's Complaint, upon information and belief, this Defendant believes that the City of Chattahoochee Hills received a letter from Plaintiff's counsel dated June 4, 2010, regarding the incident referenced in the Complaint herein, which letter will speak for itself regarding its terms and conditions.  Except as otherwise expressly admitted herein, the allegations of paragraph 15 of Plaintiff's Complaint are denied.

**FACTUAL ALLEGATIONS**

16.

The allegations of paragraph 16 of Plaintiff's Complaint are admitted.

17.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 17 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.  In further response to said paragraph, according to information provided by Ms. Wanda Mitchell and her son, Ernest Mitchell, Jr.,they returned to the residence at approximately 8:15 PM on August 17, 2009 to find Nikki Neely and her infant child on the kitchen floor.

18.

The allegations of paragraph 18 of Plaintiff's Complaint are admitted.

-6-

19.

The allegations of paragraph 19 of Plaintiff's Complaint are admitted.

20.

The allegations of paragraph 20 of Plaintiff's Complaint are admitted.

21.

Upon information and belief, the allegations of paragraph 21 of Plaintiff's Complaint are admitted.

22.

The allegations of paragraph 22 of Plaintiff's Complaint are admitted.

23.

In response to paragraph 23 of Plaintiff's Complaint, this Defendant admits that he and James Melton were assigned to the investigation of the crimes against Nikki Neely and her infant child. For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the remaining allegations of said paragraph and said allegations, therefore, stand denied.

24.

The allegations of paragraph 24 of Plaintiff's Complaint are admitted.

25.

In response to paragraph 25 of Plaintiff's Complaint, Defendant admits that a witness observed the silver metal briefcase and advised officers of its location. Said briefcase had been taken from the crime scene. Any other allegations contained in said paragraph are denied.

26.

The allegations of paragraph 26 of Plaintiff's Complaint are admitted.

27.

The allegations of paragraph 27 of Plaintiff's Complaint are admitted.

28.

In response to paragraph 28 of Plaintiff's Complaint, Defendant admits only that McCoy told Detective Melton that he and Wimes had been dropped off on Barnes Road at approximately 5:45 P.M. on the date of the crimes.  Any other allegations of said paragraph are denied.

29.

The allegations of paragraph 29 of Plaintiff's Complaint are denied.

30.

For want of knowledge or information sufficient to form a belief as to the truth thereor, this Defendant can neither admit nor deny the allegations of paragraph 30 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

31.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 31 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

32.

The allegations of paragraph 32 of Plaintiff's Complaint are admitted.

33.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 33 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

34.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 34 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

35.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 35 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

36.

The allegations of paragraph 36 of Plaintiff's Complaint are denied.

37.

The allegations of paragraph 37 of Plaintiff's Complaint are admitted.

38.

The allegations of paragraph 38 of Plaintiff's Complaint are admitted.

39.

The allegations of paragraph 39 of Plaintiff's Complaint are admitted.

40.

The allegations of paragraph 40 of Plaintiff's Complaint are admitted.

41.

In response to the allegations of paragraph 41 of Plaintiff's Complaint, this Defendant admits only that a 9-1-1 call was made concerning the incident.  For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny any other allegations contained in said paragraph.  Said remaining allegations, therefore, stand denied.

42.

Upon information and belief, this Defendant admits that Johnson reported that he had driven Wimes and McCoy on August 17, 2009.

43.

For want of knowledge or information sufficient to form  a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 43 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.  However, in further response to said paragraph 43, upon information and belief, this Defendant admits that an Officer Byars responded to the Plaintiff's home and conducted an interview with him.

44.

For want of knowledge or information sufficient to form  a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 44 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

45.

For want of knowledge or information sufficient to form  a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 45 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

-10-

46.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 46 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

47.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 47 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

48.

In response to the allegations of paragraph 48 of Plaintiff's Complaint, this Defendant admits that Johnson drove Wimes and McCoy to a gas station, that gasoline was purchased and that he then drove them down South Fulton Parkway.  For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the remaining allegations of said paragraph.  Said remaining allegations, therefore, stand denied.

49.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 49 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

50.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 50 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

-11-

51.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 51 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

52.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 52 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

53.

In response to the allegations of paragraph 53 of Plaintiff's Complaint, the Defendant admits that on August 21, 2009, Melton called Johnson on his cell phone and left a message.  Any other allegations contained in said paragraph not otherwise expressly admitted herein are denied.

54.

In response to the allegations of paragraph 54 of Plaintiff's Complaint, this Defendant admits only that Melton's investigative summary dated August 21, 2009 indicates that at approximately 1523 hours, Eric Johnson left a message on Melton's cell phone.  For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit any remaining allegations of said paragraph.  Said remaining allegations, therefore, stand denied.

55.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 55 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

-12-

56.

In response to the allegations of paragraph 56 of Plaintiff's Complaint, this Defendant admits only that Melton's investigative summary dated August 21, 2009 states that "I asked Johnson to come to the Chattahoochee Hills Police Department and speak with me about Wimes and McCoy. Johnson stated that when his mother arrived home from work, he would come." Any allegations of said paragraph not expressly admitted herein are denied.

57.

In response to the allegations contained in paragraph 57 of Plaintiff's Complaint, this Defendant only admits that according to Melton's investigative summary dated August 21, 2009, at 1551 hours, Eric Johnson called Melton's cell phone and told Melton that his mother wanted to speak with him. Any allegations of said paragraph not otherwise expressly admitted are hereby denied.

58.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 58 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

59.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 58 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

60.

The allegations of paragraph 60 of Plaintiff's Complaint are denied as written.  In further response to said paragraph, this Defendant states that Melton's investigative summary states as follows: "On August 21, 2009 at 1555 hours the unknown female called my cell phone back and stated she and her attorney would bring Eric Johnson to the Chattahoochee Hills Police Department. I gave the female directions and asked her to meet me at 1800 hours.  The female stated that she would and hung the phone up."

61.

The allegations of paragraph 61 of Plaintiff's Complaint are denied.

62.

The allegations of paragraph 62 of Plaintiff's Complaint are admitted.

63.

The allegations of paragraph 63 of Plaintiff's Complaint are denied.

64.

The allegations of paragraph 64 of Plaintiff's Complaint are denied.

65.

The allegations of paragraph 65 of Plaintiff's Complaint are denied.

66.

 The allegations of paragraph 66 of Plaintiff's Complaint are denied.

67.

In response to the allegations of paragraph 67 of Plaintiff's Complaint, this Defendant admits only that Chief Jones was advised of the progress of the investigation.  For want of knowledge or

-14-

information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny any remaining allegations contained in said paragraph.  Said remaining allegations, therefore, stand denied.

68.

The allegations of paragraph 68 of Plaintiff's Complaint are denied.

69.

The allegations of paragraph 69 of Plaintiff's Complaint are denied.

70.

The allegations of paragraph 70 of Plaintiff's Complaint are denied.

71.

The allegations of paragraph 71 of Plaintiff's Complaint are denied.

72.

The allegations of paragraph 72 of Plaintiff's Complaint are denied. In further response to said paragraph, this Defendant admits that he obtained valid arrest warrants for the Plaintiff on August 27, 2009.

73.

The allegations of paragraph 73 of Plaintiff's Complaint are admitted.

74.

The allegations of paragraph 74 of Plaintiff's Complaint are denied.

75.

The allegations of paragraph 75 of Plaintiff's Complaint are denied.

-15-

76.

The allegations of paragraph 76 of Plaintiff's Complaint are denied.

77.

The allegations of paragraph 77 of Plaintiff's Complaint are denied.

78.

The allegations of paragraph 78 of Plaintiff's Complaint are denied.

79.

The allegations of paragraph 79 of Plaintiff's Complaint are denied.

80.

In response to the allegations to paragraph 80 of Plaintiff's Complaint, this Defendant admits only that at the time he sought the arrest warrants for the Plaintiff, Wimes and McCoy were in custody.  Any other remaining allegations of said paragraph are denied.

81.

The allegations of paragraph 81 of Plaintiff's Complaint are denied as written.  In further response to said paragraph, this Defendant obtained valid warrants for the arrest of Eric Johnson prior to his arrest.

82.

The allegations of paragraph 82 of Plaintiff's Complaint are denied.

83.

The allegations of paragraph 83 of Plaintiff's Complaint are denied.

84.

The allegations of paragraph 84 of Plaintiff's Complaint are denied.

85.

The allegations of paragraph 85 of Plaintiff's Complaint are admitted.

86.

The allegations of paragraph 86 of Plaintiff's Complaint are admitted.  In further response to said paragraph, this Defendant states that he and Melton had previously viewed video surveillance recordings at the Shell station on August 26, 2009.

87.

In response to the allegations of paragraph 87 of Plaintiff's Complaint, Defendant admits that he went to the Shell Food Mart because Plaintiff, Wimes and McCoy had gone to that location before the crimes were committed.  Any remaining allegations contained in said paragraph are denied.

88.

The allegations of paragraph 88 of Plaintiff's Complaint are admitted.

89.

The allegations of paragraph 89 of Plaintiff's Complaint are admitted.

90.

The allegations of paragraph 90 of Plaintiff's Complaint are denied.

91.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 91 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

-17-

92.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 92 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

93.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 93 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

94.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 94 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.  In further response to said paragraph, this Defendant expressly denies that there was no evidence that Johnson acted as a party to the crimes committed by Wimes and McCoy on August 17, 2009.

95.

The allegations of paragraph 95 of Plaintiff's Complaint are denied.

## COUNT I

## FOURTH AMENDMENT - 42 U.S.C. §1983

### (False Arrest)

96.

In response to paragraph 96 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 95 of Plaintiff's Complaint, as if each such response were fully set forth herein.

97.

The allegations of paragraph 97 of Plaintiff's Complaint are denied as written.  In further response to said allegations, this Defendant admits only that at the time of the Plaintiff's arrest, Defendant was a duly authorized, certified law enforcement officer employed in the Chattahoochee Hills Police Department. Defendant further admits that any actions by this Defendant with regard to the Plaintiff were taken   in his capacity as a law enforcement officer employed by the Chattahoochee Hills Police Department, carrying out his discretionary functions and official duties.

98.

The allegations of paragraph 98 of Plaintiff's Complaint are denied.

99.

The allegations of paragraph 99 of Plaintiff's Complaint are denied.

100.

The allegations of paragraph 100 of Plaintiff's Complaint are denied.

101.

The allegations of paragraph 101 of Plaintiff's Complaint are denied.

-19-

102.

The allegations of paragraph 102 of Plaintiff's Complaint are denied.

## COUNT II

## FOURTH AMENDMENT - 42 U.S.C. §1983

## (Malicious Prosecution)

103.

In response to paragraph 103 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 102 of Plaintiff's Complaint, as if each such response were fully set forth herein.

104.

The allegations of paragraph 104 of Plaintiff's Complaint are denied as written.  In further response to said allegations, this Defendant admits only that at the time of the Plaintiff's arrest, Defendant was a duly authorized, certified law enforcement officer employed in the Chattahoochee Hills Police Department. Defendant further admits that any actions taken by this Defendant with regard to the Plaintiff were taken in his capacity as a law enforcement officer employed by the Chattahoochee Hills Police Department, carrying out his discretionary functions and official duties.

105.

The allegations of paragraph 105 of Plaintiff's Complaint are denied as written.  In further response to said paragraph, this Defendant shows that Plaintiff was arrested under the authority of valid arrest warrants.

106.

The allegations of paragraph 106 of Plaintiff's Complaint are denied.

-20-

107.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 107 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

108.

The allegations of paragraph 108 of Plaintiff's Complaint are denied.

109.

The allegations of paragraph 109 of Plaintiff's Complaint are denied.

110.

The allegations of paragraph 110 of Plaintiff's Complaint are denied.

111.

The allegations of paragraph 111 of Plaintiff's Complaint are denied.

112.

The allegations of paragraph 112 of Plaintiff's Complaint are denied.

113.

The allegations of paragraph 113 of Plaintiff's Complaint are denied.

114.

The allegations of paragraph 114 of Plaintiff's Complaint are denied.

## COUNT III

### FOURTH AMENDMENT - 42 U.S.C. §1983

### (Monell Liability)

115.

In response to paragraph 115 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 114 of Plaintiff's Complaint, as if each such response were fully set forth herein.

116.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 116 of Plaintiff's Complaint.  Said allegations, therefore, stand denied.

117.

The allegations of paragraph 117 of Plaintiff's Complaint are denied.

118.

The allegations of paragraph 118 of Plaintiff's Complaint are denied.

119.

The allegations of paragraph 119 of Plaintiff's Complaint are denied.

120.

The allegations of paragraph 120 of Plaintiff's Complaint are denied.

121.

The allegations of paragraph 121 of Plaintiff's Complaint are denied.

122.

The allegations of paragraph 122 of Plaintiff's Complaint are denied.

123.

The allegations of paragraph 123 of Plaintiff's Complaint are denied.

## COUNT IV

### FALSE ARREST - O.C.G.A. §51-7-1

124.

In response to paragraph 124 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 123 of Plaintiff's Complaint, as if each such response were fully set forth herein.

125.

The allegations of paragraph 125 of Plaintiff's Complaint are denied.

126.

The allegations of paragraph 126 of Plaintiff's Complaint are denied.

127.

The allegations of paragraph 127 of Plaintiff's Complaint are denied.

128.

The allegations of paragraph 128 of Plaintiff's Complaint are denied.

129.

The allegations of paragraph 129 of Plaintiff's Complaint are denied.

130.

The allegations of paragraph 130 of Plaintiff's Complaint are denied.

-23-

## COUNT V

## MALICIOUS PROSECUTION - O.C.G.A. §51-7-3

131.

In response to paragraph 131 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 130 of Plaintiff's Complaint, as if each such response were fully set forth herein.

132.

The allegations of paragraph 132 of Plaintiff's Complaint are denied.

133.

The allegations of paragraph 133 of Plaintiff's Complaint are denied.

134.

The allegations of paragraph 134 of Plaintiff's Complaint are denied.

135.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 135 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

136.

The allegations of paragraph 136 of Plaintiff's Complaint are denied.

137.

The allegations of paragraph 137 of Plaintiff's Complaint are denied.

138.

The allegations of paragraph 138 of Plaintiff's Complaint are denied.

-24-

## COUNT VI

## NEGLIGENT HIRING, RETENTION AND TRAINING

139.

In response to paragraph 139 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 138 of the Complaint, as if each such response were fully set forth herein.

140.

The allegations of paragraph 140 of Plaintiff's Complaint are denied as written.  In further response to said allegations, this Defendant admits only that at the time of the Plaintiff's arrest, Defendant was a duly authorized, certified law enforcement officer employed in the Chattahoochee Hills Police Department. Defendant further admits that any actions taken by this Defendant with respect to the Plaintiff were taken in his capacity as a law enforcement officer employed by the Chattahoochee Hills Police Department, carrying out his discretionary functions and official duties.

141.

The allegations of paragraph 141 of Plaintiff's Complaint are denied.

142.

In response to the allegations of paragraph 142 of Plaintiff's Complaint , this Defendant shows that he is not required to respond those allegations merely setting forth plaintiff's interpretation of federal and state law.  To the extent that a response is required, the allegations of paragraph 142 of Plaintiff's Complaint are denied as stated.

143.

The allegations of paragraph 143 of Plaintiff's Complaint are denied.

-25-

144.

The allegations of paragraph 144 of Plaintiff's Complaint are denied.

145.

The allegations of paragraph 145 of Plaintiff's Complaint are denied.

146.

In further response to Plaintiff's Complaint, any allegation thereof which has not been either admitted, denied or otherwise specifically responded to is hereby denied.  This Defendant further denies that Plaintiff is entitled to any of his prayers for relief including items A) through G).

## **JURY TRIAL DEMAND**

This Defendant demands trial by jury.

WHEREFORE, having fully answered, this Defendant prays that the Plaintiff's Complaint be dismissed, with all costs cast against Plaintiff; that judgment be entered in this Defendant's favor; that he have a trial by a jury on all triable issues; and that he have such other and further relief as this Court deems just and proper.

Respectfully submitted, this 26th day of September, 2011.

CAROTHERS & MITCHELL, LLC


/s/Richard A. Carothers
Richard A. Carothers
Georgia Bar No. 111075
Michael E. Hobbs
Georgia Bar No. 358200
Attorneys for Defendant Sidney A. Brown

1809 Buford Highway
Buford, GA 30518
770-932-3552

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ERIC A. JOHNSON                          )
                                         )        CIVIL ACTION
     Plaintiff,                          )
                                         )        FILE NO. 11EV013315Y
v.                                       )
                                         )
CITY OF CHATTAHOOCHEE HILLS,             )
GEORGIA; JAMES D. MELTON; and            )
SIDNEY A. BROWN,                         )
                                         )
     Defendants.                         )

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the **ANSWER AND DEFENSES OF SIDNEY A. BROWN** with the Clerk of the Court using the Lexis/Nexis system which will automatically send email notification of such filing to the following attorneys of record:

William J. Atkins, Esq.
David B. Fife, Esq.
Atkins & Fife, LLC
6400 Powers Ferry Road, Suite 355
Atlanta, GA 30339

Mawuli M. Davis, Esq.
Davis Bozeman Law Firm, PC
4153 B Flat Shoals Parkway
Suite 204
Decatur, GA 300334

-27-

This 26th day of September, 2011.

CAROTHERS & MITCHELL, LLC

/s/ Richard A. Carothers
Richard A. Carothers
Georgia Bar No. 111075
Michael E. Hobbs
Georgia Bar No. 358200
Attorneys for Defendant Sidney Brown

1809 Buford Highway
Buford, GA 30518
(770) 932-3552