IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ERIC A. JOHNSON | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | FILE NO. 11EV013315Y |
| v. | ) | |
| | ) | |
| CITY OF CHATTAHOOCHEE HILLS, | ) | **JURY TRIAL DEMAND** |
| GEORGIA; JAMES D. MELTON; and | ) | |
| SIDNEY A. BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF SIDNEY A. BROWN

COMES NOW, Sidney A. Brown, named as a Defendant in the above-styled action, and files this his Answer and Defenses to Plaintiff's Complaint, showing the Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted and should be dismissed.

### SECOND DEFENSE

Plaintiffs Complaint fails to state a claim or cause of action against this Defendant under the laws or Constitution of the United States, or under the laws or Constitution of the State of Georgia, and should be dismissed.

### THIRD DEFENSE

Any and all claims against this Defendant are barred by the doctrines of qualified immunity, sovereign immunity, and official immunity according to the Constitution and laws of the United States and the State of Georgia.

## FOURTH DEFENSE

No action on the part of this Defendant was willful, or taken with actual malice, corruption, recklessness or callous indifference to the Plaintiff's rights or with any intent on the part of this Defendant to commit a wrongful act.

## FIFTH DEFENSE

Plaintiff's arrest was made pursuant to procedurally valid process and upon probable cause to believe that the Plaintiff had committed the crimes alleged.

## SIXTH DEFENSE

Under the laws of the State of Georgia, once a defendant is under lawful process and a prosecution commenced, there exists no claim for false arrest or false imprisonment and the only potentially viable claim is one for malicious prosecution.

## SEVENTH DEFENSE

Defendant Brown responds to the numbered allegations of the Plaintiff's Complaint as follows:

1.

In response to the allegations of paragraph 1 of Plaintiff's Complaint, this Defendant shows that he is not required to respond to those allegations merely setting forth Plaintiff's intentions in bringing this action and the relief he seeks to recover herein from Defendants.  In further response, this Defendant expressly denies that Plaintiff has stated any viable claims against this Defendant under the Constitution and the laws of the State of Georgia or Constitution and laws of the United States.  In further response, this Defendant likewise expressly denies that Plaintiff is entitled to

recover any damages whatsoever from this Defendant. Except as expressly admitted herein, the allegations of paragraph 1 of Plaintiff's Complaint are denied.

## JURISDICTION AND VENUE

2.

In response to the allegations of paragraph 2 of Plaintiff's Complaint, this Defendant admits that the State Court of Fulton County has general subject matter jurisdiction to hear and decide civil claims for damages arising under the Constitution and laws of the State of Georgia. Except as expressly admitted herein, the allegations of paragraph 2 of Plaintiff's Complaint are denied.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of Plaintiff's Complaint and, therefore, this Defendant can neither admit nor deny the same.

## PARTIES

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint and, therefore, this Defendant can neither admit nor deny the same. Said allegations, therefore, stand denied.

5.

In response to paragraph 5 of Plaintiff's Complaint, this Defendant admits that he is a resident of Coweta County, Georgia, and that he may be served at the address set forth.

6.

In response to paragraph 6 of Plaintiff's Complaint, this Defendant admits only that at the time of the Plaintiff's arrest, Defendant was a duly authorized, certified law enforcement officer employed in the Chattahoochee Hills Police Department. Defendant further admits that all actions taken by this Defendant with regard to the Plaintiff were taken in his capacity as a law enforcement officer employed by the Chattahoochee Hills Police Department, carrying out his discretionary functions and official duties. Any and all other allegations of said paragraph are denied.

7.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 7 of Plaintiff's Complaint.

8.

In response to the allegations of paragraph 8 of Plaintiff's Complaint, this Defendant admits that as of August 18, 2009, James D. Melton was employed by Chattahoochee in the capacity of a police officer, duly certified as such under the laws of the State of Georgia. In further response, on information and belief, this Defendant shows that all actions undertaken by Melton with regard to Plaintiff were carried out solely and exclusively within his discretionary functions as a police officer. Except as expressly admitted herein, the allegations of paragraph 8 are denied.

9.

In response to the allegations of paragraph 9 of Plaintiff's Complaint, this Defendant admits that the City of Chattahoochee Hills is a municipal corporation organized and existing under the laws of the State of Georgia and that it has been properly served with process herein. Except as otherwise expressly admitted herein, the allegations of paragraph 9 are denied.

10.

In response to the allegations of paragraph 10 of Plaintiff's Complaint, this Defendant shows that the Chattahoochee Hills Police Department is not a separate legal entity and is merely a division of the City of Chattahoochee Hills.  Except as otherwise expressly admitted herein, the allegations of paragraph 10 are denied.

11.

In response to paragraph 11 of Plaintiff's Complaint, this Defendant admits that Damon Jones was the Chief of Police for the City of Chattahoochee Hills as of August 17, 2009.  Any other allegations of said paragraph are denied.

12.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 12 of the Complaint.  Said allegations, therefore, stand denied.

13.

In response to the allegations of paragraph 13 of Plaintiff's Complaint, this Defendant admits that the City of Chattahoochee Hills was a party to a coverage agreement with the Georgia Interlocal Risk Management Agency which coverage agreement will speak for itself regarding its terms and conditions as stated therein.  Except as expressly admitted herein, the allegations of paragraph 13 are denied.

14.

In response to the allegations of paragraph 14 of Plaintiff's Complaint, this Defendant shows that it is not required to respond to those allegations merely setting forth Plaintiff's interpretation of

the laws of the State of Georgia and the doctrine of sovereign immunity as interpreted by Georgia courts. In further response, this Defendant incorporates by reference, as if fully set forth herein, its response to paragraph 13 above. Except as otherwise expressly admitted herein, the allegations of paragraph 14 of Plaintiff's Complaint are denied.

15.

In response to the allegations of paragraph 15 of Plaintiff's Complaint, upon information and belief, this Defendant believes that the City of Chattahoochee Hills received a letter from Plaintiff's counsel dated June 4, 2010, regarding the incident referenced in the Complaint herein, which letter will speak for itself regarding its terms and conditions. Except as otherwise expressly admitted herein, the allegations of paragraph 15 of Plaintiff's Complaint are denied.

**FACTUAL ALLEGATIONS**

16.

The allegations of paragraph 16 of Plaintiff's Complaint are admitted.

17.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 17 of Plaintiff's Complaint. Said allegations, therefore, stand denied. In further response to said paragraph, according to information provided by Ms. Wanda Mitchell and her son, Ernest Mitchell, Jr.,they returned to the residence at approximately 8:15 PM on August 17, 2009 to find Nikki Neely and her infant child on the kitchen floor.

18.

The allegations of paragraph 18 of Plaintiff's Complaint are admitted.

19.

The allegations of paragraph 19 of Plaintiff's Complaint are admitted.

20.

The allegations of paragraph 20 of Plaintiff's Complaint are admitted.

21.

Upon information and belief, the allegations of paragraph 21 of Plaintiff's Complaint are admitted.

22.

The allegations of paragraph 22 of Plaintiff's Complaint are admitted.

23.

In response to paragraph 23 of Plaintiff's Complaint, this Defendant admits that he and James Melton were assigned to the investigation of the crimes against Nikki Neely and her infant child. For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the remaining allegations of said paragraph and said allegations, therefore, stand denied.

24.

The allegations of paragraph 24 of Plaintiff's Complaint are admitted.

25.

In response to paragraph 25 of Plaintiff's Complaint, Defendant admits that a witness observed the silver metal briefcase and advised officers of its location. Said briefcase had been taken from the crime scene. Any other allegations contained in said paragraph are denied.

26.

The allegations of paragraph 26 of Plaintiff's Complaint are admitted.

27.

The allegations of paragraph 27 of Plaintiff's Complaint are admitted.

28.

In response to paragraph 28 of Plaintiff's Complaint, Defendant admits only that McCoy told Detective Melton that he and Wimes had been dropped off on Barnes Road at approximately 5:45 P.M. on the date of the crimes. Any other allegations of said paragraph are denied.

29.

The allegations of paragraph 29 of Plaintiff's Complaint are denied.

30.

For want of knowledge or information sufficient to form a belief as to the truth thereor, this Defendant can neither admit nor deny the allegations of paragraph 30 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

31.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 31 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

32.

The allegations of paragraph 32 of Plaintiff's Complaint are admitted.

33.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 33 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

34.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 34 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

35.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 35 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

36.

The allegations of paragraph 36 of Plaintiff's Complaint are denied.

37.

The allegations of paragraph 37 of Plaintiff's Complaint are admitted.

38.

The allegations of paragraph 38 of Plaintiff's Complaint are admitted.

39.

The allegations of paragraph 39 of Plaintiff's Complaint are admitted.

40.

The allegations of paragraph 40 of Plaintiff's Complaint are admitted.

41.

In response to the allegations of paragraph 41 of Plaintiff's Complaint, this Defendant admits only that a 9-1-1 call was made concerning the incident. For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny any other allegations contained in said paragraph. Said remaining allegations, therefore, stand denied.

42.

Upon information and belief, this Defendant admits that Johnson reported that he had driven Wimes and McCoy on August 17, 2009.

43.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 43 of Plaintiff's Complaint. Said allegations, therefore, stand denied. However, in further response to said paragraph 43, upon information and belief, this Defendant admits that an Officer Byars responded to the Plaintiff's home and conducted an interview with him.

44.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 44 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

45.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 45 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

46.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 46 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

47.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 47 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

48.

In response to the allegations of paragraph 48 of Plaintiff's Complaint, this Defendant admits that Johnson drove Wimes and McCoy to a gas station, that gasoline was purchased and that he then drove them down South Fulton Parkway. For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the remaining allegations of said paragraph. Said remaining allegations, therefore, stand denied.

49.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 49 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

50.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 50 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

51.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 51 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

52.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations of paragraph 52 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

53.

In response to the allegations of paragraph 53 of Plaintiff's Complaint, the Defendant admits that on August 21, 2009, Melton called Johnson on his cell phone and left a message. Any other allegations contained in said paragraph not otherwise expressly admitted herein are denied.

54.

In response to the allegations of paragraph 54 of Plaintiff's Complaint, this Defendant admits only that Melton's investigative summary dated August 21, 2009 indicates that at approximately 1523 hours, Eric Johnson left a message on Melton's cell phone. For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit any remaining allegations of said paragraph. Said remaining allegations, therefore, stand denied.

55.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 55 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

56.

In response to the allegations of paragraph 56 of Plaintiff's Complaint, this Defendant admits only that Melton's investigative summary dated August 21, 2009 states that "I asked Johnson to come to the Chattahoochee Hills Police Department and speak with me about Wimes and McCoy. Johnson stated that when his mother arrived home from work, he would come." Any allegations of said paragraph not expressly admitted herein are denied.

57.

In response to the allegations contained in paragraph 57 of Plaintiff's Complaint, this Defendant only admits that according to Melton's investigative summary dated August 21, 2009, at 1551 hours, Eric Johnson called Melton's cell phone and told Melton that his mother wanted to speak with him. Any allegations of said paragraph not otherwise expressly admitted are hereby denied.

58.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 58 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

59.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 58 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

60.

The allegations of paragraph 60 of Plaintiff's Complaint are denied as written.  In further response to said paragraph, this Defendant states that Melton's investigative summary states as follows: "On August 21, 2009 at 1555 hours the unknown female called my cell phone back and stated she and her attorney would bring Eric Johnson to the Chattahoochee Hills Police Department. I gave the female directions and asked her to meet me at 1800 hours.  The female stated that she would and hung the phone up."

61.

The allegations of paragraph 61 of Plaintiff's Complaint are denied.

62.

The allegations of paragraph 62 of Plaintiff's Complaint are admitted.

63.

The allegations of paragraph 63 of Plaintiff's Complaint are denied.

64.

The allegations of paragraph 64 of Plaintiff's Complaint are denied.

65.

The allegations of paragraph 65 of Plaintiff's Complaint are denied.

66.

 The allegations of paragraph 66 of Plaintiff's Complaint are denied.

67.

In response to the allegations of paragraph 67 of Plaintiff's Complaint, this Defendant admits only that Chief Jones was advised of the progress of the investigation.  For want of knowledge or

information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny any remaining allegations contained in said paragraph. Said remaining allegations, therefore, stand denied.

68.

The allegations of paragraph 68 of Plaintiff's Complaint are denied.

69.

The allegations of paragraph 69 of Plaintiff's Complaint are denied.

70.

The allegations of paragraph 70 of Plaintiff's Complaint are denied.

71.

The allegations of paragraph 71 of Plaintiff's Complaint are denied.

72.

The allegations of paragraph 72 of Plaintiff's Complaint are denied. In further response to said paragraph, this Defendant admits that he obtained valid arrest warrants for the Plaintiff on August 27, 2009.

73.

The allegations of paragraph 73 of Plaintiff's Complaint are admitted.

74.

The allegations of paragraph 74 of Plaintiff's Complaint are denied.

75.

The allegations of paragraph 75 of Plaintiff's Complaint are denied.

76.

The allegations of paragraph 76 of Plaintiff's Complaint are denied.

77.

The allegations of paragraph 77 of Plaintiff's Complaint are denied.

78.

The allegations of paragraph 78 of Plaintiff's Complaint are denied.

79.

The allegations of paragraph 79 of Plaintiff's Complaint are denied.

80.

In response to the allegations to paragraph 80 of Plaintiff's Complaint, this Defendant admits only that at the time he sought the arrest warrants for the Plaintiff, Wimes and McCoy were in custody. Any other remaining allegations of said paragraph are denied.

81.

The allegations of paragraph 81 of Plaintiff's Complaint are denied as written. In further response to said paragraph, this Defendant obtained valid warrants for the arrest of Eric Johnson prior to his arrest.

82.

The allegations of paragraph 82 of Plaintiff's Complaint are denied.

83.

The allegations of paragraph 83 of Plaintiff's Complaint are denied.

84.

The allegations of paragraph 84 of Plaintiff's Complaint are denied.

85.

The allegations of paragraph 85 of Plaintiff's Complaint are admitted.

86.

The allegations of paragraph 86 of Plaintiff's Complaint are admitted. In further response to said paragraph, this Defendant states that he and Melton had previously viewed video surveillance recordings at the Shell station on August 26, 2009.

87.

In response to the allegations of paragraph 87 of Plaintiff's Complaint, Defendant admits that he went to the Shell Food Mart because Plaintiff, Wimes and McCoy had gone to that location before the crimes were committed. Any remaining allegations contained in said paragraph are denied.

88.

The allegations of paragraph 88 of Plaintiff's Complaint are admitted.

89.

The allegations of paragraph 89 of Plaintiff's Complaint are admitted.

90.

The allegations of paragraph 90 of Plaintiff's Complaint are denied.

91.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 91 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

92.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 92 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

93.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 93 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

94.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 94 of Plaintiff's Complaint. Said allegations, therefore, stand denied. In further response to said paragraph, this Defendant expressly denies that there was no evidence that Johnson acted as a party to the crimes committed by Wimes and McCoy on August 17, 2009.

95.

The allegations of paragraph 95 of Plaintiff's Complaint are denied.

## COUNT I

## FOURTH AMENDMENT - 42 U.S.C. §1983

### (False Arrest)

96.

In response to paragraph 96 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 95 of Plaintiff's Complaint, as if each such response were fully set forth herein.

97.

The allegations of paragraph 97 of Plaintiff's Complaint are denied as written. In further response to said allegations, this Defendant admits only that at the time of the Plaintiff's arrest, Defendant was a duly authorized, certified law enforcement officer employed in the Chattahoochee Hills Police Department. Defendant further admits that any actions by this Defendant with regard to the Plaintiff were taken in his capacity as a law enforcement officer employed by the Chattahoochee Hills Police Department, carrying out his discretionary functions and official duties.

98.

The allegations of paragraph 98 of Plaintiff's Complaint are denied.

99.

The allegations of paragraph 99 of Plaintiff's Complaint are denied.

100.

The allegations of paragraph 100 of Plaintiff's Complaint are denied.

101.

The allegations of paragraph 101 of Plaintiff's Complaint are denied.

102.

The allegations of paragraph 102 of Plaintiff's Complaint are denied.

## COUNT II

## FOURTH AMENDMENT - 42 U.S.C. §1983

### (Malicious Prosecution)

103.

In response to paragraph 103 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 102 of Plaintiff's Complaint, as if each such response were fully set forth herein.

104.

The allegations of paragraph 104 of Plaintiff's Complaint are denied as written. In further response to said allegations, this Defendant admits only that at the time of the Plaintiff's arrest, Defendant was a duly authorized, certified law enforcement officer employed in the Chattahoochee Hills Police Department. Defendant further admits that any actions taken by this Defendant with regard to the Plaintiff were taken in his capacity as a law enforcement officer employed by the Chattahoochee Hills Police Department, carrying out his discretionary functions and official duties.

105.

The allegations of paragraph 105 of Plaintiff's Complaint are denied as written. In further response to said paragraph, this Defendant shows that Plaintiff was arrested under the authority of valid arrest warrants.

106.

The allegations of paragraph 106 of Plaintiff's Complaint are denied.

107.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 107 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

108.

The allegations of paragraph 108 of Plaintiff's Complaint are denied.

109.

The allegations of paragraph 109 of Plaintiff's Complaint are denied.

110.

The allegations of paragraph 110 of Plaintiff's Complaint are denied.

111.

The allegations of paragraph 111 of Plaintiff's Complaint are denied.

112.

The allegations of paragraph 112 of Plaintiff's Complaint are denied.

113.

The allegations of paragraph 113 of Plaintiff's Complaint are denied.

114.

The allegations of paragraph 114 of Plaintiff's Complaint are denied.

## COUNT III

## FOURTH AMENDMENT - 42 U.S.C. §1983

## (Monell Liability)

### 115.

In response to paragraph 115 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 114 of Plaintiff's Complaint, as if each such response were fully set forth herein.

### 116.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 116 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

### 117.

The allegations of paragraph 117 of Plaintiff's Complaint are denied.

### 118.

The allegations of paragraph 118 of Plaintiff's Complaint are denied.

### 119.

The allegations of paragraph 119 of Plaintiff's Complaint are denied.

### 120.

The allegations of paragraph 120 of Plaintiff's Complaint are denied.

### 121.

The allegations of paragraph 121 of Plaintiff's Complaint are denied.

122.

The allegations of paragraph 122 of Plaintiff's Complaint are denied.

123.

The allegations of paragraph 123 of Plaintiff's Complaint are denied.

**COUNT IV**

**FALSE ARREST - O.C.G.A. §51-7-1**

124.

In response to paragraph 124 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 123 of Plaintiff's Complaint, as if each such response were fully set forth herein.

125.

The allegations of paragraph 125 of Plaintiff's Complaint are denied.

126.

The allegations of paragraph 126 of Plaintiff's Complaint are denied.

127.

The allegations of paragraph 127 of Plaintiff's Complaint are denied.

128.

The allegations of paragraph 128 of Plaintiff's Complaint are denied.

129.

The allegations of paragraph 129 of Plaintiff's Complaint are denied.

130.

The allegations of paragraph 130 of Plaintiff's Complaint are denied.

## COUNT V

## MALICIOUS PROSECUTION - O.C.G.A. §51-7-3

### 131.

In response to paragraph 131 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 130 of Plaintiff's Complaint, as if each such response were fully set forth herein.

### 132.

The allegations of paragraph 132 of Plaintiff's Complaint are denied.

### 133.

The allegations of paragraph 133 of Plaintiff's Complaint are denied.

### 134.

The allegations of paragraph 134 of Plaintiff's Complaint are denied.

### 135.

For want of knowledge or information sufficient to form a belief as to the truth thereof, this Defendant can neither admit nor deny the allegations contained in paragraph 135 of Plaintiff's Complaint. Said allegations, therefore, stand denied.

### 136.

The allegations of paragraph 136 of Plaintiff's Complaint are denied.

### 137.

The allegations of paragraph 137 of Plaintiff's Complaint are denied.

### 138.

The allegations of paragraph 138 of Plaintiff's Complaint are denied.

# COUNT VI

## NEGLIGENT HIRING, RETENTION AND TRAINING

### 139.

In response to paragraph 139 of Plaintiff's Complaint, this Defendant incorporates herein by reference his affirmative defenses and each and every response previously given to paragraphs 1 through 138 of the Complaint, as if each such response were fully set forth herein.

### 140.

The allegations of paragraph 140 of Plaintiff's Complaint are denied as written. In further response to said allegations, this Defendant admits only that at the time of the Plaintiff's arrest, Defendant was a duly authorized, certified law enforcement officer employed in the Chattahoochee Hills Police Department. Defendant further admits that any actions taken by this Defendant with respect to the Plaintiff were taken in his capacity as a law enforcement officer employed by the Chattahoochee Hills Police Department, carrying out his discretionary functions and official duties.

### 141.

The allegations of paragraph 141 of Plaintiff's Complaint are denied.

### 142.

In response to the allegations of paragraph 142 of Plaintiff's Complaint , this Defendant shows that he is not required to respond those allegations merely setting forth plaintiff's interpretation of federal and state law. To the extent that a response is required, the allegations of paragraph 142 of Plaintiff's Complaint are denied as stated.

### 143.

The allegations of paragraph 143 of Plaintiff's Complaint are denied.

144.

The allegations of paragraph 144 of Plaintiff's Complaint are denied.

145.

The allegations of paragraph 145 of Plaintiff's Complaint are denied.

146.

In further response to Plaintiff's Complaint, any allegation thereof which has not been either admitted, denied or otherwise specifically responded to is hereby denied.  This Defendant further denies that Plaintiff is entitled to any of his prayers for relief including items A) through G).

### JURY TRIAL DEMAND

This Defendant demands trial by jury.

WHEREFORE, having fully answered, this Defendant prays that the Plaintiff's Complaint be dismissed, with all costs cast against Plaintiff; that judgment be entered in this Defendant's favor; that he have a trial by a jury on all triable issues; and that he have such other and further relief as this Court deems just and proper.

Respectfully submitted, this 26th day of September, 2011.

CAROTHERS & MITCHELL, LLC


/s/Richard A. Carothers
Richard A. Carothers
Georgia Bar No. 111075
Michael E. Hobbs
Georgia Bar No. 358200
Attorneys for Defendant Sidney A. Brown

1809 Buford Highway
Buford, GA 30518
770-932-3552

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ERIC A. JOHNSON          )
                            )    CIVIL ACTION
      Plaintiff,       )
                            )    FILE NO. 11EV013315Y
v.                    )
                            )
CITY OF CHATTAHOOCHEE HILLS,  )
GEORGIA; JAMES D. MELTON; and  )
SIDNEY A. BROWN,        )
                            )
      Defendants.     )

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the **ANSWER AND DEFENSES OF SIDNEY A. BROWN** with the Clerk of the Court using the Lexis/Nexis system which will automatically send email notification of such filing to the following attorneys of record:

William J. Atkins, Esq.
David B. Fife, Esq.
Atkins & Fife, LLC
6400 Powers Ferry Road, Suite 355
Atlanta, GA 30339

Mawuli M. Davis, Esq.
Davis Bozeman Law Firm, PC
4153 B Flat Shoals Parkway
Suite 204
Decatur, GA 300334

This 26th day of September, 2011.

CAROTHERS & MITCHELL, LLC

/s/ Richard A. Carothers
Richard A. Carothers
Georgia Bar No. 111075
Michael E. Hobbs
Georgia Bar No. 358200
Attorneys for Defendant Sidney Brown

1809 Buford Highway
Buford, GA 30518
(770) 932-3552