IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | | |
|---|---|---|
| ERIC A. JOHNSON, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | FILE NO.: 1:11-CV-03264-AT |
| vs. | * | |
| | * | |
| CITY OF CHATTAHOOCHEE | * | |
| HILLS, GEORGIA; JAMES D. | * | |
| MELTON; and SIDNEY A. BROWN, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## ANSWER OF DEFENDANT JAMES D. MELTON

COMES NOW, JAMES D. MELTON, Defendant in the above-described action, by his attorney, and sets forth the following answer and defenses to the Complaint by showing this Court the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant is entitled to official immunity from suit and liability for the actions complained of against him under state law, owes no duty, and has no liability in his individual capacity.

## THIRD DEFENSE

This Defendant is entitled to qualified immunity from civil liability for causes of action founded upon federal law because his conduct violated no clearly established statutory or constitutional rights of which a reasonable person would have known. At all relevant times, the Defendant exercised discretionary authority in good faith toward Plaintiff.

## FOURTH DEFENSE

Without waiving any of the foregoing defenses, and expressly relying upon such defenses, this Defendant answers the individually numbered paragraphs of the Complaint as follows:

### Introduction

1.      In response to paragraph 1, the Defendant is not required to respond to allegations concerning the Plaintiff's intentions in bringing this action or any recovery that he seeks. Such allegations are therefore denied. In further response, the Defendant denies that the Plaintiff is entitled to any recovery whatsoever.

### Jurisdiction and Venue

2.      In response to paragraph 2, the Defendant admits that the State Court of Fulton County has general subject matter jurisdiction of this matter, which is

concurrent with the jurisdiction of the district courts of the United States.

3.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint. Accordingly, they are denied.

## Parties

4.  The Defendant is without knowledge sufficient or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint. Accordingly, they are denied.

5.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint. Accordingly, they are denied.

6.  In response to paragraph 6, the Defendant admits that at all relevant times Defendant Sidney Brown ("Defendant Brown") was employed as a certified peace officer with the City of Chattahoochee hills acting within the scope of his discretionary functions and official duties. The remaining allegations of paragraph 6 are denied.

7.  The allegations of paragraph 7 are admitted.

8.  In response to paragraph 8, the Defendant admits that at all relevant times he was employed as a certified peace officer by the City of Chattahoochee

Hills acting within the scope of his discretionary functions and duties. The remaining allegations of paragraph 8 are denied.

9. In response to paragraph 9, the Defendant admits that the City of Chattahoochee Hills is a municipal corporation organized and existing under the laws of the State of Georgia. The remaining allegations of paragraph 9 are denied.

10. In response to paragraph 10, the Defendant admits that the Chattahoochee Hills Police Department is a division of the City of Chattahoochee Hills and not a separate legal entity. The remaining allegations of paragraph 10 are denied.

11. In response to paragraph 11, the Defendant admits that Damon Jones was the Chief of Police for the City of Chattahoochee Hills on August 17, 2009. The remaining allegations of paragraph 11 are denied.

12. The Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint. Accordingly, they are denied.

13. In response to paragraph 13, the Defendant admits that the City of Chattahoochee Hills was party to a Member Coverage Agreement with the Georgia Interlocal Risk Management Agency, the terms of which speak for themselves. The remaining allegations of paragraph 13 are denied.

14.    The allegations of paragraph 14 are not directed to this Defendant. Accordingly, they are denied.

15.    The allegations of paragraph 15 are not directed to this Defendant. Accordingly, they are denied.

Factual allegations

16.    The allegations of paragraph 16 are admitted.

17.    The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint. Accordingly, these allegations are denied.   In further response, according to information provided by Wanda Mitchell and her son, Ernest Mitchell, Jr., they returned to the residence at approximately 8:15 p.m. on August 17, 2009 to find Nikki Neely and her infant son on the kitchen floor.

18.    The allegations of paragraph 18 are admitted.

19.    The allegations of paragraph 19 are admitted.

20.    The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint. Accordingly, they are denied.

21.    The allegations of paragraph 21 are admitted.

22.    The Defendant lacks knowledge or information sufficient to form a

belief as tot the truth of the allegations of paragraph 22 of the Complaint. Accordingly, they are denied.

23.     In response to paragraph 23, the Defendant admits that his involvement with the investigation was limited to conducting interviews. The remaining allegations of paragraph 23 are denied.

24.     The allegations of paragraph 24 are admitted.

25.     In response to paragraph 25, the Defendant admits that a witness observed the silver metal briefcase and advised officers of its location and that the briefcase had been taken from the crime scene. The remaining allegations of paragraph 25 are denied.

26.     The allegations of paragraph 26 are admitted.

27.     The allegations of paragraph 27 are admitted.

28.     In response to paragraph 28, the Defendant admits only that McCoy told the Defendant that he and Wimes had been dropped off on Barnes Road at approximately 5:45 p.m. on the date of the crimes. The remaining allegations of paragraph 28 are denied.

29.     In response to paragraph 29, the Defendant admits that McCoy told the Defendant that he and Wimes were dropped off on Barnes road by a black male unknown to McCoy. The remaining allegations of paragraph 29 are denied.

30.     In response to paragraph 30, the Defendant admits that McCoy *neither* told Melton that the unknown black male knew where Wimes and McCoy were going after he dropped them off *nor* told Melton that the unknown black male did not know where they were going.  The remaining allegations of paragraph 30 are denied.

31.     The allegations of paragraph 31 are admitted.

32.     The allegations of paragraph 32 are admitted.

33.     The allegations of paragraph 33 are denied.

34.     The allegations of paragraph 34 are denied.

35.     In response to paragraph 35, the Defendant admits that McCoy told him that Wimes and McCoy fled on foot.  The remaining allegations of paragraph 35 are denied.

36.     The allegations of paragraph 37 are denied.

37.     In response to paragraph 37, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

38.     In response to paragraph 38, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

39.     In response to paragraph 39, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

40.     In response to paragraph 40, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

41.     In response to paragraph 41, the Defendant admits that at some point the Plaintiff called 911 and spoke with a 911 operator in Fulton County. In further response, the Defendant lacks sufficient knowledge or information to form a belief as to the Plaintiff's motivation for doing so and, therefore, denies these facts. The remaining allegations of paragraph 41 are denied.

42.     Upon information and belief, the Defendant admits that the Plaintiff reported that he had transported McCoy and Wimes by car on August 17, 2009.

43.     In response to paragraph 43, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. The Defendant admits, upon information and belief, that at some point Officer Byars responded to the Plaintiff's home and conducted an interview with him. The remaining allegations of paragraph 43 are denied.

44.     In response to paragraph 44, the Defendant lacks knowledge or

information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

45.     In response to paragraph 45, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

46.     In response to paragraph 46, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

47.     In response to paragraph 47, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

48.     In response to paragraph 48, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

49.     In response to paragraph 49, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

50.     In response to paragraph 50, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

Accordingly, they are denied.

51.    In response to paragraph 51, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

52.    In response to paragraph 52, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

53.    In response to paragraph 53, the Defendant admits that on August 21, 2009, he called the Plaintiff on Plaintiff's cell phone and left a message for Plaintiff.  The remaining allegations of paragraph 53 are denied.

54.    The allegations of paragraph 54 are admitted.

55.    The allegations of paragraph 55 are admitted.

56.    In response to the allegations of paragraph 56, the Defendant admits that Plaintiff told the Defendant that he would come to the Chattahoochee Hills Police Department to be interviewed when his mother returned home, but that Plaintiff never did so.  The remaining allegations of paragraph 56 are denied.

57.    The allegations of paragraph 57 are admitted.

58.    In response to the allegations of paragraph 58, the Defendant admits that Plaintiff's mother asked what the Defendant wanted to talk to Plaintiff about

and confirmed with Plaintiff's mother that Plaintiff was eighteen years old. In further response, the Defendant admits upon telling Plaintiff's mother that he needed to talk to Plaintiff because he was an adult. The remaining allegations of paragraph 58 are denied.

59. In response to the allegations of paragraph 59, the Defendant admits that Plaintiff's mother began arguing and became very uncooperative, to such a great extent that the Defendant attempted to de-escalate the situation by advising Plaintiff's mother that she and Plaintiff were hindering and obstructing an investigation for home invasion and that she and Plaintiff could be arrested for obstruction of the investigation. The remaining allegations of paragraph 58 are denied.

60. In response to paragraph 60, the Defendant admits the allegations as stated, but denied that Plaintiff ever came in for an interview.

61. The allegations of paragraph 61 are denied.

62. In response to paragraph 62, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

63. The allegations of paragraph 63 are denied.

64. The allegations of paragraph 64 are denied.

65.    The allegations of paragraph 65 are denied.

66.    The allegations of paragraph 66 are denied.

67.    In response to paragraph 67, the Defendant admits only that Chief Jones was advised of the progress of the investigation.   The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67.  Accordingly, they are denied.

68.    The allegations of paragraph 68 are denied.

69.    The allegations of paragraph 69 are denied.

70.    The allegations of paragraph 70 are denied.

71.    The allegations of paragraph 71 are denied.

72.    The allegations of paragraph 72 are denied.

73.    The allegations of paragraph 73 are admitted.

74.    The allegations of paragraph 74 are denied.

75.    The allegations of paragraph 75 are denied.

76.    The allegations of paragraph 76 are denied.

77.    The allegations of paragraph 77 are denied

78.    The allegations of paragraph 78 are denied.

79.    The allegations of paragraph 79 are denied.

80.    In response to paragraph 80, the Defendant admits only that at the

time Brown sought arrest warrants for the Plaintiff that Wimes and McCoy were in custody. The remaining allegations of paragraph 80 are denied.

81. In response to paragraph 81, the Defendant admits only that Plaintiff was arrested pursuant to a warrant and that whether exigent circumstances existed or not is therefore irrelevant. Accordingly, the allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 are denied.

83. The allegations of paragraph 83 are denied.

84. The allegations of paragraph 84 are denied.

85. The allegations of paragraph 85 are admitted.

86. In response to paragraph 86, the Defendant admits that he and Brown met with a manager of the Shell Food Mart on August 31, 2009 but had previously reviewed video surveillance recordings on August 26, 2009—one day before Plaintiff was arrested. The remaining allegation of paragraph 86 are denied.

87. In response to paragraph 87, the Defendant admits that Brown went to the Shell Food Mart because Plaintiff, Wimes, and McCoy had been at that location before the crimes were committed. The remaining allegations of paragraph 87 are denied.

88. The allegations of paragraph 88 are admitted.

89.     The allegations of paragraph 89 are admitted.

90.     In response to the allegations of paragraph 90, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, they are denied.

91.     In response to the allegations of paragraph 91, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, they are denied.

92.     In response to the allegations of paragraph 92, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, they are denied.

93.     In response to the allegations of paragraph 93, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.  Accordingly, they are denied.

94.     In response to the allegations of paragraph 90, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.   Accordingly, they are denied.   In further response, the Defendant expressly denies that there was no evidence that Plaintiff acted as a party to the crimes committed by Wimes and McCoy on August 17, 2009.

95.     The allegations of paragraph 95 are denied.

<u>Count I</u>

<u>Fourth Amendment—42 U.S.C. § 1983</u>

<u>(False Arrest)</u>

96.     In response to paragraph 96, the Defendant incorporates by reference his responses to paragraphs 1 through 95 as if more fully set out herein.

97.     In response to paragraph 97, the Defendant admits that at all relevant times he and Brown were employed as a certified peace officers with the City of Chattahoochee hills acting within the scope of their discretionary functions and official duties.  The remaining allegations of paragraph 97 are denied.

98.     The allegations of paragraph 98 are denied.

99.     The allegations of paragraph 99 are denied.

100.    The allegations of paragraph 100 are denied.

101.    The allegations of paragraph 101 are denied.

102.    The allegations of paragraph 102 are denied.

<u>Count II</u>

<u>Fourth Amendment—42 U.S.C. § 1983</u>

<u>(Malicious Prosecution)</u>

103.    In response to paragraph 103, the Defendant incorporates by reference his responses to paragraphs 1 through 102 as if more fully set out herein.

104.   In response to paragraph 104, the Defendant admits that at all relevant times he and Brown were employed as certified peace officers with the City of Chattahoochee Hills acting within the scope of their discretionary functions and official duties.  The remaining allegations of paragraph 104 are denied.

105.   In response to paragraph 105, the Defendant admits that Plaintiff was arrested pursuant to a valid arrest warrant.  The remaining allegations of paragraph 105 are denied.

106.   The allegations of paragraph 106 are denied.

107.   The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint. Accordingly, they are denied.

108.   The allegations of paragraph 108 are denied.

109.   The allegations of paragraph 109 are denied.

110.   The allegations of paragraph 110 are denied.

111.   The allegations of paragraph 111 are denied.

112.   The allegations of paragraph 112 are denied.

113.   The allegations of paragraph 113 are denied.

114.   The allegations of paragraph 114 are denied.

Count III

Fourth Amendment—42 U.S.C. § 1983

(*Monell* Liability)

115.   In response to paragraph 115, the Defendant incorporates by reference his responses to paragraphs 1 through 114 as if more fully set out herein.

116.   The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 of the Complaint. Accordingly, they are denied.

117.   The allegations of paragraph 117 are denied.

118.   The allegations of paragraph 118 are denied.

119.   The allegations of paragraph 119 are denied.

120.   The allegations of paragraph 120 are denied.

121.   The allegations of paragraph 121 are denied.

122.   The allegations of paragraph 122 are denied.

123.   The allegations of paragraph 123 are denied.

Count IV

False Arrest—O.C.G.A. § 51-7-1

124.   In response to paragraph 124, the Defendant incorporates by reference his responses to paragraphs 1 through 123 as if more fully set out herein.

125.   The allegations of paragraph 125 are denied.

126.   The allegations of paragraph 126 are denied.

127.   The allegations of paragraph 127 are denied.

128.   The allegations of paragraph 128 are denied.

129.   The allegations of paragraph 129 are denied.

130.   The allegations of paragraph 130 are denied.

Count V

Malicious Prosecution—O.C.G.A. § 51-7-3

131.   In response to paragraph 131, the Defendant incorporates by reference his responses to paragraphs 1 through 130 as if more fully set out herein.

132.   The allegations of paragraph 132 are denied.

133.   The allegations of paragraph 133 are denied.

134.   The allegations of paragraph 134 are denied.

135.   In response to paragraph 135, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, they are denied.

136.   The allegations of paragraph 136 are denied.

137.   The allegations of paragraph 137 are denied.

138.   The allegations of paragraph 138 are denied.

## Count VI

## Negligent Hiring, Retention and Training

139.    In response to paragraph 139, the Defendant incorporates by reference his responses to paragraphs 1 through 138 as if more fully set out herein.

140.    In response to paragraph 140, the Defendant admits that at all relevant times he and Brown were employed as certified peace officers with the City of Chattahoochee Hills acting within the scope of their discretionary functions and official duties.  The remaining allegations of paragraph 140 are denied.

141.    The allegations of paragraph 141 are denied.

142.    The allegations of paragraph 142 are denied as pled.

143.    The allegations of paragraph 143 are denied.

144.    The allegations of paragraph 144 are denied.

145.    The allegations of paragraph 145 are denied.

146.    Although the *ad damnum* clause of the Complaint does not require a response, the Defendant denies that the Plaintiff is entitled to any relief whatsoever.

147.    Except as expressly admitted herein, the allegations of the Complaint are **DENIED.**

WHEREFORE, the Defendant prays:

(a)     That the Complaint be dismissed.

(b)     That there be a trial by jury.

(c)     That he have such other and further relief as is just and proper under

these circumstances.

This 30th day of September, 2011.

Respectfully submitted:

**/s/James R. Westbury, Jr.**
James R. Westbury, Jr.
Georgia Bar No. 749626
Matthew H. Bennett
Georgia Bar No. 123408

JAMES R. WESTBURY, JR., P.C.     Attorneys for Defendant James D. Melton
1012 Memorial Drive
Suite 13
Griffin, Georgia 30224
Telephone: (678) 688-3554
Facsimile: (678) 688-3555
jrw@westburylaw.net

CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2011, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard A. Carothers, Esq.
Carothers & Mitchell, LLC
1809 Buford Highway
Buford, Georgia 30518

Harvey S. Gray, Esq.
GRAY, RUST, ST. AMAND,
MOFFETT & BRIESKE, LLP
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326

William J. Atkins, Esq.
David B. Fife, Esq.
Atkins & Fife, LLC
6400 Powers Ferry Road, Suite 355
Atlanta, Georgia 30339

Mawuli M. Davis
Robert O. Bozeman
Davis Bozeman Law Firm, P.C.
4153 B Flat Shoals Parkway
Suite 204
Decatur, Georgia 30034

**/s/James R. Westbury, Jr.**
James R. Westbury, Jr.
Georgia Bar No. 749626

JAMES R. WESTBURY, JR., P.C.
1012 Memorial Drive
Suite 13
Griffin, Georgia 30224
Telephone: (678) 688-3554
Facsimile: (678) 688-3555
jrw@westburylaw.net

Attorney for Defendant James D. Melton