IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC A. JOHNSON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | FILE NO. 1:11-cv-03264-AT |
| CITY OF CHATTAHOOCHEE | : | |
| HILLS, GEORGIA; JAMES D. | : | |
| MELTON; and SIDNEY A. | : | |
| BROWN, | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF THE CITY OF CHATTAHOOCHEE HILLS, GEORGIA

Comes now the City of Chattahoochee Hills ("Chattahoochee"), named as a defendant in the above-referenced action, and answers plaintiff's complaint as follows:

## FIRST DEFENSE

For a first defense, this defendant shows that the complaint fails to state a claim against it upon which relief can be granted.

## SECOND DEFENSE

For a second defense, this defendant responds to the numbered paragraphs of the complaint as follows:

1.

In response to the allegations of paragraph 1, this defendant shows that it is not required to respond to those allegations merely setting forth plaintiff's intentions in bringing this action or the relief he seeks to recover herein. In further response, this defendant expressly denies that plaintiff has stated any viable claims against it under the Constitution and laws of the State of Georgia or under the Constitution and laws of the United States. In further response, this defendant expressly denies that plaintiff is entitled to recover any damages from this defendant, including punitive or exemplary damages for which it has immunity under state and federal law. Except as expressly admitted herein, the allegations of paragraph 1 are denied.

2.

In response to the allegations of paragraph 2, this defendant admits that the State Court of Fulton County has general subject matter jurisdiction to hear and decide civil claims for damages arising under the Constitution and laws of the State of Georgia. Except as expressly admitted herein, the allegations of paragraph 2 are denied.

3.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and, therefore, this defendant can neither admit nor deny the same.

4.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and, therefore, this defendant can neither admit nor deny the same.

5.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 and, therefore, this defendant can neither admit nor deny the same.

6.

In response to the allegations of paragraph 6, this defendant admits that on the date of plaintiff's arrest, Sidney A. Brown was employed by Chattahoochee in the capacity of police officer, duly certified as such under the laws of the State of Georgia. In further response, on information and belief, this defendant shows that all actions and inactions undertaken by Brown with regard to plaintiff were carried out solely and exclusively within his official, discretionary functions as a police

officer. Except as expressly admitted herein, the allegations of paragraph 6 are denied.

7.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and, therefore, this defendant can neither admit nor deny the same.

8.

In response to the allegations of paragraph 6, this defendant admits that on the date of plaintiff's arrest, James D. Melton was employed by Chattahoochee in the capacity of police officer, duly certified as such under the laws of the State of Georgia. In further response, on information and belief, this defendant shows that all actions and inactions undertaken by Melton with regard to plaintiff were carried out solely and exclusively within his official, discretionary functions as a police officer. Except as expressly admitted herein, the allegations of paragraph 8 are denied.

9.

In response to the allegations of paragraph 9, this defendant admits that it is a municipal corporation organized and existing under the laws of the State of

Georgia and that it has been properly served with process herein. Except as expressly admitted herein, the allegations of paragraph 9 are denied.

## 10.

In response to the allegations of paragraph 10, this defendant shows that the Chattahoochee Hills Police Department is not a legal entity and is merely a division of Chattahoochee. Except as expressly admitted herein, the allegations of paragraph 10 are denied.

## 11.

In response to the allegations of paragraph 11, this defendant admits that on the date of plaintiff's arrest, Damon Jones was employed by Chattahoochee in the capacity of Chief of Police and that all actions and inactions undertaken by Brown with regard to plaintiff were carried out solely and exclusively within his official, discretionary functions as a police officer. Except as expressly admitted herein, the allegations of paragraph 11 are denied.

## 12.

The allegations of paragraph 12 are denied.

## 13.

In response to the allegations of paragraph 13, this defendant admits that on the date of plaintiff's arrest, it was a party to a coverage agreement with the

Georgia Interlocal Risk Management Agency which coverage agreement will speak for itself regarding its terms and conditions as stated therein. Except as expressly admitted herein, the allegations of paragraph 13 are denied.

14.

In response to the allegations of paragraph 14, this defendant shows that it is not required to respond to those allegations merely setting forth plaintiff's interpretation of the laws of the State of Georgia, including the doctrine of sovereign immunity as interpreted by Georgia courts. In further response, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 13 above. Except as expressly admitted herein, the allegations of paragraph 14 are denied.

15.

In response to the allegations of paragraph 15, this defendant admits receipt of a letter from plaintiff's counsel dated June 4, 2010 regarding the incident referenced in the complaint herein, which letter will speak for itself regarding its terms and conditions. Except as expressly admitted herein, the allegations of paragraph 15 are denied.

16.

On information and belief, this defendant admits the allegations of paragraph 16.

17.

In response to the allegations of paragraph 17, this defendant shows that its knowledge regarding the incident as described in paragraph 16 and elsewhere in the complaint, including the investigation of said incident and the arrest of plaintiff, is derived solely from various incident and supplemental incident and other reports and documents prepared by police officers and others involved in the incident in some capacity. In further response, this defendant shows that said reports and documents will speak for themselves regarding the interactions of Melton and Brown with plaintiff, the circumstances surrounding the injuries sustained by Ms. Neely and her child and plaintiff's arrest. Except as expressly admitted herein, the allegations of paragraph 17 are denied.

18.

In response to the allegations of paragraph 18, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 18 are denied.

19.

The allegations of paragraph 19 are admitted.

20.

In response to the allegations of paragraph 20, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 20 are denied.

21.

In response to the allegations of paragraph 21, this defendant admits that Jones arrived at 7555 Barnes Road in the late evening hours of August 17 or early morning hours of August 18, 2009. Except as expressly admitted herein, the allegations of paragraph 21 are denied.

22.

In response to the allegations of paragraph 22, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 22 are denied.

23.

In response to the allegations of paragraph 23, this defendant admits that Brown and Melton were the lead investigators for Chattahoochee in connection with the investigation of the crimes committed at 7555 Barnes Road on August 17,

2009.  Except as expressly admitted herein, the allegations of paragraph 23 are denied.

24.

In response to the allegations of paragraph 24, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above.  Except as expressly admitted herein, the allegations of paragraph 24 are denied.

25.

In response to the allegations of paragraph 25, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above.  Except as expressly admitted herein, the allegations of paragraph 25 are denied.

26.

In response to the allegations of paragraph 26, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above.  Except as expressly admitted herein, the allegations of paragraph 26 are denied.

27.

In response to the allegations of paragraph 27, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above.  Except as expressly admitted herein, the allegations of paragraph 27 are denied.

28.

In response to the allegations of paragraph 28, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 28 are denied.

29.

In response to the allegations of paragraph 29, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 29 are denied.

30.

In response to the allegations of paragraph 30, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 30 are denied.

31.

In response to the allegations of paragraph 31, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 31 are denied.

32.

In response to the allegations of paragraph 32, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 32 are denied.

33.

In response to the allegations of paragraph 33, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 33 are denied.

34.

In response to the allegations of paragraph 34, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 34 are denied.

35.

In response to the allegations of paragraph 35, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 35 are denied.

36.

In response to the allegations of paragraph 36, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 36 are denied.

37.

In response to the allegations of paragraph 37, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 37 are denied.

38.

In response to the allegations of paragraph 38, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 38 are denied.

39.

In response to the allegations of paragraph 39, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 39 are denied.

40.

In response to the allegations of paragraph 40, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 40 are denied.

41.

In response to the allegations of paragraph 41, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 41 are denied.

42.

In response to the allegations of paragraph 42, this defendant shows that any reports made by plaintiff to any Fulton County 911 operator will be reflected on Fulton County's 911 dispatch tape and log, which tape and log will speak for themselves. Except as expressly admitted herein, the allegations of paragraph 42 are denied.

43.

In response to the allegations of paragraph 43, this defendant shows that incident reports prepared by Fulton County Officer Byars and Fulton County's 911 dispatch tape and log will speak for themselves regarding who was dispatched to

interview plaintiff and where they were dispatched.  Except as expressly admitted herein, the allegations of paragraph 43 are denied.

44.

In response to the allegations of paragraph 44, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 43 above.  Except as expressly admitted herein, the allegations of paragraph 44 are denied.

45.

In response to the allegations of paragraph 45, this defendant this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 43 above.  Except as expressly admitted herein, the allegations of paragraph 45 are denied.

46.

In response to the allegations of paragraph 46, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 43 above.  Except as expressly admitted herein, the allegations of paragraph 46 are denied.

47.

In response to the allegations of paragraph 47, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 43 above.  Except as expressly admitted herein, the allegations of paragraph 47 are denied.

48.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 and, therefore, this defendant can neither admit nor deny the same.

49.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 and, therefore, this defendant can neither admit nor deny the same.

50.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 and, therefore, this defendant can neither admit nor deny the same.

51.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51 and, therefore, this defendant can neither admit nor deny the same.

52.

In response to the allegations of paragraph 52, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 43 above. Except as expressly admitted herein, the allegations of paragraph 52 are denied.

53.

In response to the allegations of paragraph 53, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 53 are denied.

54.

In response to the allegations of paragraph 54, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 54 are denied.

55.

In response to the allegations of paragraph 55, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 55 are denied.

56.

In response to the allegations of paragraph 56, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 56 are denied.

57.

In response to the allegations of paragraph 57, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 57 are denied.

58.

In response to the allegations of paragraph 58, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 58 are denied.

59.

In response to the allegations of paragraph 59, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 59 are denied.

60.

In response to the allegations of paragraph 60, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 60 are denied.

61.

In response to the allegations of paragraph 61, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 61 are denied.

62.

In response to the allegations of paragraph 62, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 62 are denied.

63.

In response to the allegations of paragraph 63, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 63 are denied.

64.

In response to the allegations of paragraph 64, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 64 are denied.

65.

In response to the allegations of paragraph 65, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 65 are denied.

66.

In response to the allegations of paragraph 66, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 66 are denied.

67.

In response to the allegations of paragraph 67, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 67 are denied.

68.

The allegations of paragraph 68 are denied.

69.

The allegations of paragraph 69 are denied.

70.

The allegations of paragraph 70 are denied.

71.

The allegations of paragraph 71 are denied.

72.

In response to the allegations of paragraph 72, this defendant admits that Brown prepared an affidavit to procure an arrest warrant for the arrest of plaintiff, which affidavit and warrant will speak for themselves regarding their terms and conditions. Except as expressly admitted herein, the allegations of paragraph 72 are denied.

73.

In response to the allegations of paragraph 73, this defendant shows that the affidavit utilized by Brown to secure an arrest warrant for the arrest of plaintiff will speak for itself regarding what is contained therein. Except as expressly admitted herein, the allegations of paragraph 73 are denied.

74.

In response to the allegations of paragraph 74, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 74 are denied.

75.

In response to the allegations of paragraph 75, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 75 are denied.

76.

In response to the allegations of paragraph 76, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 76 are denied.

77.

In response to the allegations of paragraph 77, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 77 are denied.

78.

The allegations of paragraph 78 are denied.

79.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 79 and, therefore, this defendant can neither admit nor deny the same.

80.

On information and belief, this defendant admits the allegations of paragraph 80.

81.

In response to the allegations of paragraph 81, this defendant shows that it is not required to respond to those allegations merely setting forth plaintiff's interpretation of federal and state law. To the extent that a response is required, the allegations of paragraph 81 are denied as pled.

82.

In response to the allegations of paragraph 82, this defendant shows that it is not required to respond to those allegations merely setting forth plaintiff's interpretation of federal and state law. To the extent that a response is required, the allegations of paragraph 82 are denied as pled.

83.

The allegations of paragraph 83 are denied.

84.

In response to the allegations of paragraph 84, this defendant shows that it is not required to respond to those allegations merely setting forth plaintiff's interpretation of federal and state law. To the extent that a response is required, the allegations of paragraph 84 are denied as pled.

85.

The allegations of paragraph 85 are admitted.

86.

In response to the allegations of paragraph 86, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 86 are denied.

87.

In response to the allegations of paragraph 87, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 87 are denied.

88.

In response to the allegations of paragraph 88, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 88 are denied.

89.

In response to the allegations of paragraph 89, this defendant shows that the subject video footage referenced in paragraph 89 will speak for itself regarding what is depicted therein. In further response, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 89 are denied.

90.

In response to the allegations of paragraph 90, this defendant shows that the subject video footage referenced in paragraph 90 will speak for itself regarding what is depicted therein. In further response, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 17 above. Except as expressly admitted herein, the allegations of paragraph 90 are denied.

91.

In response to the allegations of paragraph 91, this defendant shows that the jail records regarding plaintiff's incarceration following his arrest and the pleadings from plaintiff's criminal prosecution will speak for themselves regarding plaintiff's release from custody. Except as expressly admitted herein, the allegations of paragraph 91 are denied.

92.

In response to the allegations of paragraph 92, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 91 above. Except as expressly admitted herein, the allegations of paragraph 91 are denied.

93.

In response to the allegations of paragraph 93, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 91 above. Except as expressly admitted herein, the allegations of paragraph 91 are denied.

94.

In response to the allegations of paragraph 94, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 91 above. Except as expressly admitted herein, the allegations of paragraph 94 are denied.

95.

This defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 95 and, therefore, this defendant can neither admit nor deny the same.

96.

In response to the allegations of paragraph 96, this defendant re-alleges and incorporates herein by reference, as if fully set forth herein, its responses to paragraph 1 through 95 above.

97.

In response to the allegations of paragraph 97, on information and belief, this defendant admits that in connection with their interactions with plaintiff, Brown and Melton were acting solely within the scope of their official, discretionary functions as police officers, duly certified as such, under the laws of the State of Georgia. Except as expressly admitted herein, the allegations of paragraph 97 are denied.

98.

The allegations of paragraph 98 are denied.

99.

The allegations of paragraph 99 are denied.

100.

The allegations of paragraph 100 are denied.

101.

The allegations of paragraph 101 are denied.

102.

The allegations of paragraph 102 are denied.

103.

In response to the allegations of paragraph 103, this defendant re-alleges and incorporates herein by reference, as if fully set forth herein, its responses to paragraph 1 through 98 above.

104.

In response to the allegations of paragraph 104, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 97 above. Except as expressly admitted herein, the allegations of paragraph 104 are denied.

105.

In response to the allegations of paragraph 105, this defendant shows that plaintiff was arrested pursuant to a facially valid warrant. Except as expressly admitted herein, the allegations of paragraph 105 are denied.

106.

In response to the allegations of paragraph 106, this defendant shows that plaintiff was arrested pursuant to a facially valid warrant. Except as expressly admitted herein, the allegations of paragraph 106 are denied.

107.

In response to the allegations of paragraph 107, this defendant shows that the pleadings from the criminal prosecution of plaintiff will speak for themselves regarding the events which occurred therein, including any resolution of the charges against plaintiff. Except as expressly admitted herein, the allegations of paragraph 107 are denied.

108.

The allegations of paragraph 108 are denied.

109.

In response to the allegations of paragraph 109, this defendant shows that it is not required to respond to those allegations merely setting forth plaintiff's interpretation of federal and state law. To the extent that a response is required, the allegations of paragraph 109 are denied as pled.

110.

In response to the allegations of paragraph 110, this defendant shows that it is not required to respond to those allegations merely setting forth plaintiff's interpretation of federal and state law. To the extent that a response is required, the allegations of paragraph 110 are denied as pled.

111.

In response to the allegations of paragraph 111, this defendant admits that Johnson was arrested and prosecuted for various crimes, as reflected in the arrest warrants issued in connection with his arrest and as reflected in the pleadings generated in connection with the criminal prosecution of plaintiff, all of which speak for themselves. Except as expressly admitted herein, the allegations of paragraph 111 are denied.

112.

The allegations of paragraph 112 are denied.

113.

The allegations of paragraph 113 are denied.

114.

The allegations of paragraph 114 are denied.

115.

In response to the allegations of paragraph 115, this defendant re-alleges and incorporates herein by reference, as if fully set forth herein, its responses to paragraph 1 through 98 above.

116.

In response to the allegations of paragraph 116, this defendant admits that on the date of plaintiff's arrest, Damon Jones was employed by Chattahoochee in the capacity of Chief of Police. Except as expressly admitted herein, the allegations of paragraph 116 are denied.

117.

The allegations of paragraph 117 are denied.

118.

The allegations of paragraph 118 are denied.

119.

The allegations of paragraph 119 are denied.

120.

The allegations of paragraph 120 are denied.

121.

The allegations of paragraph 121 are denied.

122.

The allegations of paragraph 122 are denied.

123.

The allegations of paragraph 123 are denied.

124.

In response to the allegations of paragraph 124, this defendant re-alleges and incorporates herein by reference, as if fully set forth herein, its responses to paragraph 1 through 98 above.

125.

The allegations of paragraph 125 are denied.

126.

The allegations of paragraph 126 are denied.

127.

The allegations of paragraph 127 are denied.

128.

The allegations of paragraph 128 are denied.

129.

The allegations of paragraph 129 are denied.

130.

The allegations of paragraph 130 are denied.

131.

In response to the allegations of paragraph 131, this defendant re-alleges and incorporates herein by reference, as if fully set forth herein, its responses to paragraph 1 through 98 above.

132.

The allegations of paragraph 132 are denied.

133.

The allegations of paragraph 133 are denied.

134.

The allegations of paragraph 134 are denied.

135.

The allegations of paragraph 135 are admitted.

136.

The allegations of paragraph 136 are denied.

137.

The allegations of paragraph 137 are denied.

138.

The allegations of paragraph 138 are denied.

139.

In response to the allegations of paragraph 139, this defendant re-alleges and incorporates herein by reference, as if fully set forth herein, its responses to paragraph 1 through 95 above.

140.

In response to the allegations of paragraph 140, this defendant incorporates by reference, as if fully set forth herein, its response to paragraph 97 above. Except as expressly admitted herein, the allegations of paragraph 140 are denied.

141.

The allegations of paragraph 141 are denied.

142.

In response to the allegations of paragraph 142, this defendant shows that it is not required to respond those allegations merely setting forth plaintiff's interpretation of federal and state law. To the extent that a response is required, the allegations of paragraph 142 are denied as pled.

143.

The allegations of paragraph 143 are denied.

144.

The allegations of paragraph 144 are denied.

145.

The allegations of paragraph 145 are denied.

146.

Any other allegations in the complaint which have not been expressly admitted or otherwise addressed are hereby denied.

## **THIRD DEFENSE**

For a third defense, this defendant shows that pursuant to the laws of the State of Georgia, once a defendant is detained under lawful process and a prosecution is commenced, there exists no claim for false arrest or false imprisonment and the only potentially viable claim is one for malicious prosecution.

## **FOURTH DEFENSE**

For a fourth defense, this defendant shows that there existed probable cause for plaintiff's arrest, incarceration and prosecution.

## **FIFTH DEFENSE**

For a fifth defense, this defendant shows that no policy, custom or practice of Chattahoochee was the moving force of any alleged deprivation of plaintiff's federal rights.

## SIXTH DEFENSE

For a sixth defense, this defendant asserts the defense of sovereign immunity.

## SEVENTH DEFENSE

For a seventh defense, this defendant shows that it is entirely immune from any claim for punitive or exemplary damages under federal and state law.

Wherefore, having fully answered, this defendant pray that the plaintiff's complaint against it be dismissed, with all costs cast against plaintiff; that judgment be entered in its favor; that it have a trial by a jury on all triable issues; and that it have such other and further relief as this Court deems just and proper in the circumstances.

The undersigned, in accordance with L.R. 7.1 and 5.1(b) hereby certifies that the typefont used herein is 14-Point Times New Roman font.

This 3rd day of October, 2011.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendant
the City of Chattahoochee Hills, Georgia

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC A. JOHNSON,                       :
                                       :
        Plaintiff,                     :
v.                                     :          CIVIL ACTION
                                       :          FILE NO. 1:11-cv-03264-AT
CITY OF CHATTAHOOCHEE                   :
HILLS, GEORGIA; JAMES D.               :
MELTON; and SIDNEY A.                  :
BROWN,                                 :
                                       :
        Defendants.                    :

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the foregoing **ANSWER OF**

**THE CITY OF CHATTAHOOCHEE HILLS, GEORGIA** with the Clerk of

Court using CM/ECF system which will automatically send e-mail notification of

such filing to the following attorneys of record:

William J. Atkins
David B. Fife
Atkins & Fife, LLC
6400 Powers Ferry Road, Suite 355
Atlanta, Georgia 30339

Mawuli M. Davis
Robert O. Bozeman
Davis Bozeman Law Firm, P.C.
4153 B Flat Shoals Parkway
Suite 204
Decatur, Georgia 30034

Richard A. Carothers
Carothers & Mitchell, LLC
1809 Buford Highway
Buford, Georgia  30518

James R. Westbury, Jr.
James R. Westbury, Jr., P.C.
1012 Memorial Drive, Ste. 13
Griffin, Georgia 30224

This 3rd day of October, 2011.

/s/Harvey S. Gray
Harvey S. Gray
Georgia Bar No.: 305838
Matthew A. Ericksen
Georgia Bar No.: 304088
Attorneys for Defendant
the City of Chattahoochee Hills, Georgia

**Gray, Rust, St. Amand, Moffett & Brieske, LLP**
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, Georgia 30326
(404) 870-7376 (Gray)
(404) 870-5955 (Ericksen)
(404) 870-7374 (Fax)
hgray@grsmb.com
mericksen@grsmb.com
I:\604\237-Johnson v. Chattahoochee Hills\Pleadings\Answer-USDC.doc